# Louisville & Nashville Railroad Co. v. Cowherd.

*Action against a Railroad Company as a Common Carrier, for Loss by Fire of Goods which had been received for Transportation.*

1. *Action against railroad company for loss of goods; when charges as to liability of warehousemen properly refused.*—In an action against a railroad company for loss by fire of goods which had been delivered to the defendant for transportation, where, in the first count of the complaint the plaintiff seeks to hold the defendant liable as a common carrier, and in the second count as a warehouseman, and the court gave the general affirmative charge in the defendant's favor as to the second count, charges requested by the defendant, which relate to its liability as a warehoseman, refer to an issue not before the jury, and are properly refused.

2. *Same; liability as a common carrier; negligence; burden of proof.*—In an action against a railroad company as a common carrier, to recover damages for the loss of goods, a *prima facie* case is made out by proof that the defendant received the goods for transportation and failed to safely deliver them; and if the carrier claims exemptions from liability under a special contract, the burden is upon it to show to the reasonable satisfaction of the jury, not only that the cause of loss was within the limits of the contract, but also that the loss of the goods was without negligence on its part.

3. *Liability of common carrier; when the place of assignment has more than two thousand inhabitants; duty of consignee.*—Where the place of consignment of goods shipped on a railroad as common carrier, is a town of more than two thousand inhabitants, hav-

[Louisville & Nashville Railroad Co. v. Cowherd.]

ing a daily mail, it is not the duty of the consignee to inquire at the depot for the goods, the failure to do which would release the common carrier from all liability as such; but in such case, the carrier, under the statute, (Code of 1886, § 1180; Code of 1896, § 4224), is not relieved from liability as a common carrier, "unless within twenty-four hours after the arrival of such freight, notice thereof is given to the consignee personally or through the mail."

4. *Charges to the jury; not error to refuse such as are mere repetitions of the charges given.*—A court commits no error in refusing charges requested by parties to a suit, which are mere repetitions of charges already given by the court; and a mere variation in the use of words, which in no way change the meaning or assert different principles from those already given, do not compel the giving of such charges.

5. *Action against railroad company as common carrier; charge as to destruction of defendant's depot by fire; when properly refused.*—In an action against a railroad company [to recover damages for the loss by fire, in defendant's depot at the place of consignment, of certain goods which had been received by the defendant for transportation to such place, a charge which instructs the jury that if they "believe from the evidence that defendant's depot was as good, and as well suited and situated for depot purposes as are depots of other well regulated railroads at places like Gadsden, that defendant kept a competent watchman at said depot in the day time and the night time, and that there was no fire put in or left in said depot by defendant, and that there was no explosive substance in said depot, and that defendant did all it could to put out said fire so soon as it was discovered by the defendant, then their verdict must be for the defendant," is properly refused, since if all the facts hypothesized therein were true, they would not conclusively show want of negligence on the part of the defendant; and, therefore, would not authorize a verdict in favor of the defendant.

Appeal from the City Court of Birmingham.

Tried before Hon. H. A. Sharpe.

This was an action brought by the appellee against the appellant. The purpose of the suit and the facts of the case are sufficiently stated in the opinion.

Upon the introduction of all the evidence, the court at the request of the plaintiff gave to the jury the following written charges : (1.) "The burden of proof in this case is on the defendant." (2.) "In weighing the testimony of witnesses, the jury have the right to consider their manner on the stand, and their opportunities of know-

ing what they are testifying about." (3:) "I charge the jury that if you believe the evidence, you must find a verdict for plaintiff for the reasonable market value of the goods shipped at Lebanon, Kentucky, at the time of shipment, unless the evidence reasonably satisfied the jury that the fire was not caused by the negligence of defendant." (4.) "If the jury are not reasonably satisfied from the evidence that the goods were not destroyed by reason of any negligence of defendant, then it is the duty of the jury to find a verdict for plaintiff for the reasonable market value of the goods shipped, at the time and place of shipment." To the giving of each of these charges the defendant separately excepted, and also separately excepted to the court's refusal to give each of the following charges requested by it : (1.) "I charge you, gentlemen of the jury, if you believe the evidence, that there was a legal and valuable consideration moving from the defendant to the plaintiff for the release executed by plaintiff to the defendant whereby defendant was released from all damages for loss of said goods by fire." (2.) "If the jury believe the evidence, they must find a verdict for the defendant." (3.) "If the jury believe the evidence, they must find a verdict for the defendant under the first count of the complaint." (5.) "If the jury believe from the evidence that the plaintiff knew that his goods were in defendant's depot at Gadsden two days before the fire, then defendant was a warehouseman." (6.) "I charge you that if you believe from the evidence, that the plaintiff in person shipped the goods from Lebanon, Kentucky, on the 27th of June, 1895, to himself at Gadsden, Alabama, and that they arrived at Gadsden on the 2d day of July, 1895, and you further believe from the evidence that the plaintiff knew about the time it would take for said goods to arrive at Gadsden, and that he did not inquire at the depot at Gadsden for said goods until after the fire, then the defendant was a warehouseman." (8.) "I charge you, if you believe the evidence, that there was a legal and valuable consideration moving from the defendant to the plaintiff for the execution by plaintiff of the release whereby defendant was released from liability for damages to plaintiff for the loss of said goods by fire ;

and I further charge you, if you believe the evidence, that the failure upon the part of defendant to give notice to plaintiff of the arrival of said goods at Gadsden, if you believe from the evidence that such notice was not given, did not contribute proximately to the loss of said goods; if you further believe from the evidence that defendant's depot was as good, and as well suited and situated for depot purposes as are depots of other well regulated railroads at places like Gadsden, and that defendant kept a competent watchman at said depot in the day time and the night time, and that there was no fire put in or left in said depot by defendant, and that there was no explosive substance in said depot, and that defendant did all it could to put out said fire so soon as it was discovered by defendant, then their verdict must be for the defendant." (9.) "There is no evidence in this case that shows or tends to show that tramps set fire to or burned said depot." (10.) "I charge you that under the undisputed evidence in this case the plaintiff did release the defendant by a special contract from all damages occasioned by fire and from all liability for the loss or destruction of his goods occasioned by fire, and if you believe from the evidence that the plaintiff's goods were destroyed by fire, and that the fire that destroyed plaintiff's goods was not caused by negligence on the part of the defendant, you must find for the defendant." (11.) "I charge you that the burden of proof in this case is upon the plaintiff to show to you that the defendant was guilty of negligence which proximately caused the loss of said goods by fire." (12.) "I charge you that the burden of proof is upon the plaintiff to show to you that the defendant was guilty of negligence which caused the fire which destroyed plaintiff's goods." (13.) "If the jury believe from the evidence that defendant's depot was as good, and as well suited and situated for depot purposes as are depots of other well regulated railroads at places like Gadsden, and that defendant kept a competent watchman at said depot in the day time and the night time, and that there was no fire put in or left in said depot by defendant, and that there was no explosive substance in said depot, and that defendant did all it could to put out said fire so soon as

it was discovered by defendant; then their verdict must be for the defendant."

Prior to the refusal of the charges requested by the defendant, as above set out, the court had given, among others, the following written charges requested by the defendant: (8.) "Although the jury may believe from the evidence that the defendant was a common carrier of said goods when they were in said depot, or was liable as a common carrier for the same, yet if they should also believe from the evidence, that defendant was not guilty of any negligence which caused the said goods to be burned, then their verdict must be for the defendant." (10.) "I charge you, gentlemen of the jury, if you believe the evidence, that there was a legal and valuable consideration moving from defendant to the plaintiff for the release executed by plaintiff to defendant, whereby defendant was released from all damages for loss of said goods by fire without negligence upon the part of defendant proximately causing said goods to be destroyed by fire."

There were verdict and judgment for the plaintiff, assessing his damages at $200. The defendant appeals, and assigns as error the rulings of the court upon the charges requested.

THOS. G. JONES, for appellant.—The case of *L. & N. R. R. Co. v. Sherrod*, 84 Ala. 178, is decisive of the question involved in this appeal.

BOWMAN & HARSH, and VON L. THOMPSON, *contra*, cited *L. & N. R. R. Co. v. Oden*, 80 Ala. 38.; Code of 1886, § 1180.

BRICKELL, C. J.—Appellee sued to recover damages for the loss by fire in appellant's depot at Gadsden, of certain household goods which had been received by appellant at Lebanon, Ky., for transportation to Gadsden. The first count of the complaint charges defendant as a common carrier, and the second as a warehouseman. In consideration of reduced rates appellee had entered into a special contract whereby appellant was released from all liability for damages arising from fire and other specified causes, "not the result of the

carelessness or negligence of the agents or employees of the company." The goods were delivered to appellant at Lebanon on June 27, 1895, consigned to appellee at Gadsden, and were destroyed by fire in appellant's depot at Gadsden about 3 o'clock on the morning of July 7th. Plaintiff's evidence tended to show that Gadsden was a town of more than 2,000 inhabitants, having a daily mail, and that he received no notice of any kind of the arrival of the goods at Gadsden, although he, or some one for him authorized to receive his mail, had called at the post-office daily for his mail for several days previously to the fire; and that he did not know what length of time would be required to transport the goods from Lebanon to Gadsden. Defendant's testimony tends to show that on July 3, 1895, there was deposited in the post-office at Gadsden a postal card dated July 2, 1895, directed to B. S. Cowherd, instead of to B. T. Cowherd, notifying him of the arrival of the goods, and the postal card was put in evidence by the defendant; that the depot was constructed of the same material and on the same general plan as the depots of other well regulated railroads in towns of like size, and was properly located; that at 6 o'clock the evening preceding the fire, there was no fire in the depot, and no combustibles or explosives of any kind, and that all the doors and windows were tightly fastened; that a competent white watchman was employed to watch the depot at night, whose duties also required him to watch a bridge 200 or 300 feet from the depot and 900 feet in length, across which he was required to make occasional trips; that when the depot agent arrived at the depot about 3 o'clock, he found the watchman there, and the building was filled with smoke, but the flames had not yet developed inside; that an empty box car, standing on a side track near the building, the door of which was open, was burning; and that the agent, watchman, citizens, and the Gadsden fire company made diligent efforts to extinguish the fire and save the goods in the depot, but failed. This, in addition to the special contract and the bill of lading, is the substance of all the evidence.

At the request of the defendant, the trial court gave the general charge in favor of defendant on the second

count, which sought to charge defendant as a warehouse-man. All consideration of defendant's liability in this respect was thereby eliminated, and the only issue presented to the jury was that of defendant's liability as a common carrier. It was not error, therefore, to refuse to give charges 5 and 7, requested by defendant, which relate to its liability as a warehouseman. They were also properly refused because they do not hypothesize any facts in evidence, there being no testimony tending to show that the goods arrived at Gadsden on July 2d, the evidence showing only that the postal card written to notify plaintiff of the goods, was dated on that day; or that plaintiff knew his goods were in the depot two days before the fire, or knew about the time it would take for the goods to arrive at Gadsden. Moreover, it was not the duty of plaintiff to inquire at the depot for the goods, the failure to do which would release defend-ant from all liability as a common carrier; the evidence showing without conflict that Gadsden was a town of more than two thousand inhabitants, having a daily mail. In such cases the carrier is not relieved from liability as a common carrier "unless, within twenty-four hours after the arrival of such freight, notice thereof is given the consignee, personally or through the mail."—Code of 1886, § 1180. Charge 6, also, was for this reason properly refused.

By the common law a common carrier becomes absolutely liable for the safety of goods intrusted to him for transportation, and responsible for any loss of or injury to the goods, not caused by the act of God, or of the public enemy, or by the fault of the party complaining; and when loss or injury happens a *prima facie* presumption of negligence arises, and the burden is on the carrier to exempt himself from liability. By special contract, however, this common law liability may be limited, but not to the extent of excepting the carrier from responsibility for loss or damage caused by his own negligence. In an action against the carrier as such to recover damages for the loss of goods, a *prima facie* case is made out by proof that the carrier received the goods for transportation and failed to deliver them safely; and if the carrier claims exemption from liability under a special contract, he must show to the reasonable satis-

faction of the jury not only that the cause of loss was within the limitation of the contract, but also that the loss and the cause of loss were without negligence on his part.—*Steel & Burgess v. Townsend*, 37 Ala. 247; *S. & N. R. R. Co. v. Henlein*, 52 Ala. 612; *L. & N. R. R. Co. v. Oden*, 80 Ala. 43. The trial court properly charged on the question of the burden of proof.

Since the amendment to section 2756, Code, 1886, (Acts 1888–89, p. 90), providing that charges which have been refused must be retained by the clerk, and shall not be taken by the jury on retirement, it is not error for the trial court to refuse to give charges which are mere repetitions of charges already given, or contain substantially the same language without asserting different principles. Such charges not being seen by the jury, their refusal cannot prejudice the party requesting them, if the substance of the charges has been previously given.—*L. & N. R. R. Co. v. Hurt*, 101 Ala. 49; *K. C. M. & B. R. R. Co. v. Burton*, 97 Ala. 260. If defendant's refused charges 1 and 10 were not the same in substance, and did not assert substantially the same principles, as the given charges 8 and 10, then they incorrectly stated the legal effect of the special contract of of shipment in ignoring the effect of defendant's negligence as the cause of the loss, and were misleading, and for this reason properly refused. Charge. 8, requested by defendant and refused, is subject, in part, to the last mentioned criticism. Charges 8 and 13 do not properly hypothesize the facts in evidence. There is no evidence in the record tending to show that there was "no fire put in or left in said depot by defendant" at any time before the fire occurred. The testimony was that "when defendant's depot agent left the depot about 6 o'clock on the afternoon next before the fire [nine hours before the fire occurred], there was no fire in said depot." The charges were properly refused also because the truth of all the facts hypothesized therein would not conclusively show want of negligence on the part of defendant, and, therefore, would not authorize the court to direct a verdict in favor of defendant. The charges given at the request of the plaintiff were properly given.

We find no error in the record and the judgment must be affirmed.

Affirmed.