# Whaley *v.* Sloss-Sheffield S. & I. Co.

*Personal Injury From Explosion.*

(Decided Dec. 21, 1909.—51 South. 419.)

1. *Appeal and Error; Harmless Error; Pleading.*—Where there are counts in a complaint so similar to counts to which demurrers were sustained that evidence which would support or justify a verdict under such count would equally support the same verdict under the other count, the error, if any, in sustaining such demurrer, was harmless.

2. *Explosives; Injuries From; Complaint.*—A complaint counting on the explosion of dynamite which does not allege negligence or

[Whaley v. Sloss-Sheffield S. & I. ·Co.]

actionable wrong in the storing, keeping or explosion thereof, nor facts sufficient to show that the storage and keeping thereof was a nuisance per se, is insufficient.

3. *Same.*—A count which merely alleges the storing or keeping of large quantities of dynamite, or other explosives, in a thickly settled portion of a city in proximity to many buildings and persons, does not show a nuisance per se.

4. *Same; Keeping Explosives.*—Whether the storing or keeping of explosives in a city constitutes a nuisance depends on the quantity and kind of explosives kept, the purpose and length of time for which it is kept, the kind and character of the magazine or house in which it is kept and the protection afforded by the mode of keeping, and these facts must be alleged, the mere averment that they were kept in large quantities and in a thickly settled portion of the city not being sufficient.

5. *Same; Allegations in the Alternative.*—An allegation of the keeping of dynamite or other explosives is in the alternative and bad, for the reason that it might be safe to keep a hundred or a thousand pounds of one explosive, and dangerous to keep fifty pounds of another.

6. *Same; Negligent Keeping or Storing; Liability.*—Where explosives are stored or kept in such a way as to constitute a nuisance per se, the one creating or continuing such a nuisance would be liable to damages resulting from an explosion, independently of any question of negligence.

7. *Same.*—So also negligence in the storing, or keeping or allowing or causing the explosion of dangerous substances renders one liable for the damages resulting independently of the question of nuisance.

8. *Same; Keeping or Storing; Nuisance.*—The keeping or storing of a quantity of different kinds of explosives may be a nuisance where the same quantity of any one of the different kinds would not be; so also, the place or locality may determine whether the keeping or storing of explosives is a nuisance.

9. *Same; Negligence Storing.*—Where each count of the complaint alleges some one or other cause for the explosion of dynamite an instruction is properly given to find for the defendant, if from all the evidence, the jury finds that the cause of the explosion lies wholly within the realm of conjecture and doubt.

10. *Same; Instruction.*—A charge instructing the finding for the defendant if the jury believe from the evidence that the explosion would probably have occurred regardless of whatever means might have been employed, and that the magazine was located at a proper place.

11. *Same.*—Where each count of the complaint attributed the explosion to some kind of negligence. it was proper to instruct a finding for defendant if the jury believed from the evidence that the explosion could not have been anticipated or averted by human foresight.

12. *Same; Burden of Proof.*—Where each count of the complaint was based on some actionable negligence of defendant, a charge

asserting that the burden of proof was on plaintiff to show that the explosion occurred because of defendant's negligence, was proper.

13. *Charge of Court; View of Premises; Effect of Evidence.*— Where the jury had inspected personally defendant's plant, the ground, the manner and place of storing the explosives, the location of plaintiff's injured property, and the character of the damage, a charge asserting that they were not bound to accept any testimony as true, if, after a personal inspection of the matter testified about, they believed the testimony untrue, or to return a verdict according to the testimony if it was in conflict with what their personal inspection disclosed.

14. *Same; Misleading Instructions; Duty to Request Explanation.* —If a party conceives a charge to be misleading, and if it is merely misleading, such party should request explanatory instructions.

15. *Same; Request for Explanatory Charge.*—Where a charge is misleading and no explanatory charge relative thereto is requested the court will not be reversed for giving the misleading charge.

16. *Same; Argumentative.*—The court will not be put in error for the giving or refusing argumentative charges, unless it affirmatively appeals that injury resulted.

17. *Same; Ignoring Issues.*—Charges which ignore or pretermit material issues, are properly refused.

18. *Same; Directing Verdict.*—Where there is a conflict in the evidence or where different inferences may be properly drawn therefrom as to any of the material averments of the pleading, the court cannot properly direct the verdict.

APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

Action by Lewis Whaley against the Sloss-Sheffield Steel & Iron Company for damages to his property caused by the explosion of dynamite or other explosive substance. From a judgment for defendant, plaintiff appeals. Affirmed.

The charges refused to the plaintiff are as follows: (2) "If the jury find from the evidence that the defendant negligently kept large quantities of dynamite and other explosives in a wooden magazine within the incorporated town of North Birmingham, where the same was liable to explode, and they further find from the evidence that by reason of its being so negligently kept it did explode with such violence as to cause dam-

age to plaintiff's storehouse and residence, then they must find for the plaintiff." (3) "If the jury find from the evidence that the defendant kept large quantities of dynamite and dynamite caps in a wooden building or magazine in a thickly settled portion of the town of North Birmingham, where there were in proximity many buildings or persons, and that said dynamite and dynamite caps were liable to explode and do serious injury to such persons or property, and that said explosive did explode with such violence as to damage the property of the plaintiff, then the jury must find for the plaintiff." (4) "If the jury believe from the evidence that the defendant stored dynamite in large quantities for its use within the incorporated town of North Birmingham, where there were in proximity many buildings and persons, and that said dynamite was liable to explode and do serious injury to such persons or property, and if they further find that it did explode with such force and violence as to damage the property of plaintiff, then the jury must find for the plaintiff."

The following charges were given at the instance of the defendant: (1) "If, from all the evidence in this case, the jury find that the cause of the explosion lies wholly within the realm of conjecture and doubt, you must find a verdict in favor of defendant." (2) "The burden of proof in this case is on the plaintiff to show that the explosion alleged occurred by reason of the negligence of the defendant, or its servants or agents." (3) "The burden of proof in this case is not on the defendant to acquit itself of negligence." (4) "The jury is not bound to accept the testimony of any witness in this case as truth, if, after a personal inspection of the matter about which such testimony was given, the jury believe that such testimony is untrue." (5) "The jury is not bound to return a verdict according to the testi-

mony of the witnesses, if such testimony is in conflict with what their personal inspection discloses." (6) "If the jury believe from the evidence in the case that the explosion would probably have occurred, regardless of whatever means might have been employed, and that the magazine was located at a proper place, you must find a verdict in favor of the defendant." (7) "In estimating the injury done to plaintiff's storehouse, the jury had a right to consider the condition of such storehouse at the time they saw it." (8) "If you believe from the evidence in this case that the explosion could not have been anticipated nor averted by human foresight, you must find a verdict in favor of the defendant."

KERR & HALEY, for appellant.—The court erred in sustaining demurrers to the 4th count of the complaint. —*Rudder v. Koupman & Gerdes,* 116 Ala. 333; *Chambers v. Millener C. Co.,* 143 Ala. 255. On these authorities, the court erred in refusing plaintiff's written charges 1, 2, 3, and 4, and in giving defendant's written charges 1, 2, 3, 5, 6 and 8.

TILLMAN, GRUBB, BRADLEY & MORROW, for appellee. —The court did not err in its rulings on the pleadings, or in the given or refused charges.—*Cook v. Anderson,* 85 Ala. 105; *Collins v. A. G. S.,* 104 Ala. 398; *Chambers v. Milner Coal Co.,* 143 Ala. 255; Wood on Nuisances, sec. 40; 1 John 78; 41 Am. Dec. 44; 56 Barb. 72; 29 Cyc. 1172; Id. 1159; 99 Ill. App. 215; 84 Pac. 548. A count in the alternative cannot be stronger than the weakest alternative.—*Sloss-Sheffield Co., v. Sharpe,* 47 South. 79.

MAYFIELD, J.—Appellant sued to recover damages for injury to his storehouse, caused by the explo-

sion of dynamite which the defendant had stored in its magazine, built for such storage purposes, upon its own premises.

The defendant, at the time of the explosion, and for a long time prior thereto, was engaged in the manufacture of iron, and for this purpose it was necessary to blast the lime rock used for flux as well as the iron ore. The defendant's plant was located upon a thin vein of lime rock, which was exposed or near the surface, there being little earth or drift formation upon the limestone. The furnace was evidently thus located because of the availabiilty and accessibility of the lime rock. To render this rock available for use in the furnaces, it was necessary to blast it, and large quantities of dynamite were necessary for this purpose. After defendant's plant was thus located the town of North Birmingham was built up and incorporated, so as to include its plant, and it continued to operate it thereafter. So there is no contention as to the negligence or wrongful location of the plant, aside from the magazines in which the explosives were stored. On the 2nd of May, 1906, there was a violent explosion of this dynamite stored in the magazines, which destroyed a great deal of property in the vicinity, including the plaintiff's store, which is the basis of this action. No specific cause for this explosion was shown. The allegations of some counts of the complaint and the evidence tended to show it was probably the result of different causes. The trial resulted in a verdict and judgment for the defendant, from which the plaintiff appeals.

It is insisted that the court erred in sustaining a demurrer to the fourth count. If this could be said to be true (but we think it can not), it would clearly be without injury, because there were other counts remaining so similar to this that no possible injury could

result, for the reason that evidence which would have supported or justified a verdict under that count if in would equally have supported the same verdict or judgment under the other counts. It was, however, insufficient, in that it failed to allege any negligence or actionable wrong in the storing, keeping, or explosion of the dynamite, nor did it allege sufficient facts to show that the storing or keeping thereof was a nuisance per se. As tending to this, it merely alleged the storing or keeping of large quantities of dynamite or other explosives in a thickly settled portion of the city of North Birmingham, in proximity to many buildings and persons. This, without more, is not sufficient. The exact question was decided by this court in the case of *Kinney v. Koopman & Gerdes,* 116 Ala. 310, 22 South. 593, 37 L. R. A. 497, 67 Am. St. Rep. 119, which reviewed all the authorities on the subject, both in this and other states. Neither do we construe the decision in the case of *Rudder v. Koopman & Gerdes,* 116 Ala. 332, 22 South. 601, 37 L. R. A. 489, to hold that a count like the one in question is good in all cases against demurrer. It is true that there are expressions in both cases and quotations in both from the same authorities which would seem to support the contention of appellant that this count is sufficient. It is also true that these two cases were against the same defendants, and were each founded or based upon identically the same wrongful act, to wit, the keeping or storing and the explosion of quantities of dynamite powder, and other explosives, within the corporate limits of the town of Cullman, Ala.

The complaints appear to have been drawn by the same attorneys in each case. The complaint in each case consisted of several counts, and demurrers were sustained to some of the counts and overruled as to others. In *Kinney's Case* a trial was had upon these

counts as to which demurrers were overruled, which resulted in a verdict for defendant; while in *Rudder's Case* the demurrer was sustained as to all the counts, and the court declined to allow plaintiff to file others similar to those already passed upon. The plaintiff then declined to plead further, and suffered judgment final. The appeal was taken by the plaintiff in each case to the same term of this court, and in each appeal were raised the questions as to the sufficiency of certain counts of the complaint, some of the counts in each case being almost identical, a mere change as to the names of the plaintiff's, which were, of course, different. The cases seem to have been submitted at the same time, but not together, as the styles of both cases appear in the report of the *Kinney Case,* and Justice Coleman prefaces his opinion by the remark that the material questions were the same in the two cases, and probably it would have been better had both been submitted together, Justice Coleman writing the opinion of the court in the one and Justice Head in the other. Neither of the opinions passed upon the sufficiency of each count separately, but each reviewed practically the same authorities, and then announced certain propositions of law applicable to the same, the effect of which was to hold some of the counts good and some bad, and the opinion in each case expressly saying some were bad and some were good; and the judgment of the lower court was reversed in each case because of the court's sustaining demurrers to some of the counts without pointing them out further than by applying the principles of law announced to the respective counts. So it follows that both cases were properly reversed under the decision in either. Yet some of the propositions of law announced in the two cases are directly conflicting, and they are based upon, and cite, the same authorities

in support of the respective conclusions, and neither one of the cases refers to the other further than the statement above referred to by Justice Coleman.

One of the questions as to which these two decisions conflict is: What is sufficient to constitute a nuisance per se as to the keeping or storing of explosives?—the one holding that the storing or keeping of dynamite or gunpowder in large quantities in a thickly settled portion of a city is not a nuisance per se; the other, that it is. It is also true that there is a long and strong line of decisions of other courts, both before and since these decisions, that support each of these two conflicting propositions. But all of the cases, so far as we have examined them, hold that, in order to render a party liable for damages the result of explosives, it must be shown, first, that the explosives were so manufactured, kept, or stored, etc., as to constitute a nuisance, either public or private; or second, that the person so manufacturing, storing, keeping, or handling the explosive was guilty of some negligence or want of care which proximately caused the explosion which resulted in the injury. All hold that one or the other must be shown.

The pleadings must allege facts showing the one or the other. Mere general conclusions are not sufficient, except as to negligence, which as a rule (especially in this state) may be alleged in very general terms. The storing or keeping of the explosives, as alleged in the fourth count, might or might not be a nuisance, depending upon the quantity and kind of explosive kept, the purpose for which it was kept, the length of time for which it was kept, the kind and character of the magazine or house in which it was kept, what protection was afforded by the mode of keeping from liability to explode. There were no averments to show any of these facts. The averments as to large quantities,

and as to being kept in a thickly settled portion of the city, were mere conclusions of the pleader, unsupported by any facts. These averments were not traversable. How much powder, or how much dynamite, or how much nitroglycerine was kept, which one was kept, and how much was considered "large quantities"? What would be a large quantity of one might be a small quantity of another. It might be perfectly safe to keep 100 or 1,000 pounds of one explosive and dangerous to keep 50 pounds of another. These allegations as to the kind of explosives and quantity were entirely too general, being alleged in the alternative as they were.

As numerous as have been the decisions upon the question under consideration, and as apparently conflicting as many of them appear to be, we think the following may be said to be supported (or at least not denied) by most, if not all: Explosives may be stored or kept, in such quantities, and of such kinds, and in such localities, and for such time, and for such purposes, as to be per se a nuisance; and in such cases the person so creating, or so continuing, such nuisance, is liable for all damages suffered in consequence thereof, irrespective of negligence or want of care in so storing, keeping, causing, or allowing explosions thereof. The keeping or storing of a given quantity of one kind of explosive might constitute a nuisance per se when the keeping or storing of a like quantity of a different kind, under the same conditions, would not be a nuisance. The keeping or storing of one quantity of different kinds might be a nuisance, while the storing or keeping of the same quantity of any one of the different kinds would not be a nuisance. The keeping or storing of explosives in a certain place or location may be a nuisance, when the same character of keeping or storing of the same kind and same quantity of explosives in

15—164

a different place or locality would not be a nuisance. The keeping or storing of explosives for a given length of time might be a nuisance, when the keeping of the same kind, and same quantity, a different length of time, would not be a nuisance. The keeping of a given kind and quantity for a given purpose might be a nuisance when the keeping of the same quantity and the same kind at the same place and for the same time, but for a different purpose, would not be a nuisance. The keeping in one kind of magazine or house might be a nuisance, when the keeping of the same kind, the same quantity, for the same purpose and for the same time, but in a different receptacle, magazine, or storehouse, would not be a nuisance.

There are so many other conditions or considerations, too numerous to mention, which enter into the question, or are to be considered in determining, whether or not the keeping or storing of explosives is a nuisance per se that it renders any exact and accurate definition of such a nuisance per se almost impracticable, if not impossible. All of the decisions, however, hold that if the persons storing or keeping dangerous explosives are guilty of any negligence, or want of reasonable care, in the storing or keeping, or in allowing or causing the explosion thereof, they are liable for the damages or injury in consequence thereof, whether the keeping or storing was a nuisance or not, that the question of a nuisance or not is immaterial, if negligence or want of care be present, and contributes to the explosion and injury, and, if it be a nuisance per se, then the question of other negligence or want of care is immaterial, or at least unnecessary, to fix liability.

The court properly declined to give each of charges 1, 2, 3, and 4, requested by plaintiff. There was certainly a conflict in the evidence or different inferences

could properly be drawn from the evidence as to some of the material averments in each count. This being true, the affirmative charge could not be properly given to either party. Charge 2 ignored one of the material averments—that the explosives were stored in a thickly settled portion of the town of North Birmingham— without which the charge or a similar one could not be good. Charge 3 was bad, in that it ignored the proof of one of the particular explosives alleged to be stored, to wit, powder, and also pretermitted proof of the negligence or want of care alleged. These being material averments, they each required proof before a verdict for plaintiff should be rendered. Charge 4 was properly refused for the reasons assigned as to the second and third charges. Charge 1, given at defendant's request, was proper. Each count ascribed some cause for the explosion, and, if the particular cause "lay wholly within the realm of conjecture and doubt," there should not have been a verdict for plaintiff. This was the effect of this instruction, which was proper. It was probably argumentative, but it was not erroneous. The court can give or refuse such charges without committing error. If the jury had found that the storing or keeping of the explosives was a nuisance per se, the cause of the explosion might have been immaterial, but several causes were alleged, and one at least must have been proven, and, if it had been subject to this criticism, the plaintiff should have requested an explanatory charge. If misleading, it is is not, for that reason, necessarily reversible error to give it. This could be cured by an explanatory charge requested by plaintiff. The complaint and each count were based upon some actionable negligence on the part of the defendant or its agent. There should not have been a verdict for plaintiff without proof of this material averment. Charge 2 was there-

fore properly given. There was no reversible error in the giving of charge 3 to defendant. If subject to any infirmity, it was that it might be misleading in some of its tendencies; and, this being the case, it could and should have been corrected by explanatory charges, which were not requested. Much could be said as to the burden of proof in cases like this; for, as is shown above, as to the question of what constitutes a nuisance per se, in the storing or keeping of explosives, the decisions are far from uniform. This may be seen from an examination of the cases of *Kinney v. Koopman & Gerdes,* 116 Ala. 310, 22 South. 593, 37 L. R. A. 497, 67 Am. St. Rep. 119; *Rudder v. Koopman & Gerdes,* 116 Ala. 332, 22 South. 601, 37 L. R. A. 489, and notes thereto, and the case of *Judson v. Giant Powder Co.,* 107 Cal. 549, 40 Pac. 1020, 48 Am. St. Rep. 146, 29 L. R. A. 728, and notes.

The jury, by consent, having inspected defendant's plant, the ground, the manner, and place of storing the explosives, the location of plaintiff's property injured, and the character of the damages complained of, it was therefore proper for the court to give charges 4 and 5. They could not be abstract or erroneous. ·

Charge 6 was clearly proper. The location of the magazine or the explosives and the manner of storing was one of the material inquiries, and the charge was proper upon this question. It was not at all abstract. This was a disputed question, which the jury only could decide. The use of the word "proper" as modifying place we thing is better than to say "not an improper" place. The one word expresses the same thing as the three, and for this reason the expression used in the charge is better than the one suggested by appellant as necessary to make a correct charge.

Charge 8 was certainly not improper. Each count at-
tributed the injury to some kind of negligence, and, if
human foresight could not have anticipated or averted
the explosion, surely defendant was not liable therefor.
If the storing or keeping was not a nuisance per se, the
cause of the explosion was a material inquiry. Each
count attributed it to some one or more causes, and cer-
tainly one of these must be proven to support a verdict
for plaintiff under any one.

The trial court seems to have carefully and properly
declared the law applicable to this case. The case was
properly submitted to a jury, who not only heard the
evidence, saw the witnesses, but viewed and personally
inspected the locus in quo at the request of both par-
ties and returned a verdict for defendant.

Finding no reversible error, the judgment must be
affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and McCLELLAN, JJ.,
concur.