(104 So. 873)

**ALABAMA POWER CO. v. SCOTT et al.**
**(6 Div. 703.)**

(Court of Appeals of Alabama. April 21, 1925. Rehearing Granted June 30, 1925.)

1. **Witnesses ⬅268(2)—Allowance of cross-examination of landowner, whose property near defendants had been condemned, not abuse of discretion.**

In condemnation proceedings by power company, where witness for petitioner had testified that he owned lands similar to, and near to, those of defendants, and as to price received by him for right of way across his own lands, allowance of cross-examination as to whether he knew rule of ascertaining amount he would be entitled to *held* not abuse of discretion.

2. **Appeal and error ⬅1170(7)—Error cannot be predicated on admission of evidence which caused no injury to appellant.**

Under Supreme Court rule 45, reversal cannot be predicated upon admission of evidence, where it affirmatively appears that appellant suffered no injury thereby.

3. **Evidence ⬅502 — Cross-examination of owner of condemned property as to assessment held improper.**

In condemnation proceedings by power company, cross-examination of owner of condemned property as to whether he had been turning it in for assessment at certain amount *held*

properly refused as not being shown to be for eliciting admission against interest or testing credibility, judgment of value, or memory of witness.

4. **Eminent domain ⬅222(5) — Refusal to charge that landowner had right to cultivate right of way error.**

In condemnation proceedings by power company, refusal to charge that landowner had the right to cultivate the right of way, to go across it, and use it generally in any way not interfering with transmission of petitioner, *held* prejudicial error.

5. **Eminent domain ⬅222(4) — Refusal to charge that testimony of value of condemned land based on danger from line should be disregarded error.**

In condemnation proceedings by power company, refusal to charge that testimony of any witness as to value of land, basing judgment on possibility of danger from line, should be disregarded *held* prejudicial error.

Appeal from Circuit Court, Walker County; R. L. Blanton, Judge.

Condemnation proceeding by the Alabama Power Company against T. J. Scott and Sarah Scott. From the judgment petitioner appeals. Reversed and remanded.

Charge D, refused to petitioner, is as follows:

"D. If any witness who testified as to the value of the land not taken swore that he based his judgment only on the possibility of danger from the line, you should disregard the evidence of such witness as to value."

The question to and answer of witness Williams, on his redirect examination, made the basis of assignment of error 3 and 4, are as follows:

"Q. Now, the fact that the line runs across there as it does, and leaving a part of it on the east side and part on the west side, in your judgment would that or not decrease the value of his farm as a whole—I mean the 80 acres? A. If you understood me a while ago, I said the timber, the way it went, it decreased the valuation of that $400."

This witness on cross-examination had testified:

"I think that strip of land (the right of way) and the line going around there has damaged it (the Scott land). I think the strip, including the timber, would be worth around $400."

A. F. Fite, of Jasper, and Martin, Thompson, Foster & Turner and H. A. McWhorter, all of Birmingham, for appellant.

It was error to overrule appellant's objection to the question to witness Williams. S. A. L. v. Brown, 158 Ala. 630, 48 So. 48. Appellant should have been permitted to show the assessed value of the land. Dean v. Co. Board, 210 Ala. 256, 97 So. 741. Charges 3 and D were correct, and should

have been given. Ala. Power Co. v. Keystone Lime Co., 191 Ala. 58, 67 So. 833, Ann. Cas. 1917C, 878.

Ray & Cooner, of Jasper, for appellees.

There was no error in rulings on the testimony of witness King. A. M. v. Darby, 119 Ala. 531, 24 So. 713; Coghill v. Kennedy, 119 Ala. 641, 24 So. 459; Harper v. State, 109 Ala. 28, 19 So. 857. The testimony of witness Williams was properly received. 158 Ala. 630, 48 So. 48; M. & O. v. Hester, 122 Ala. 249, 25 So. 220; Long Dist. T. Co. v. Schmidt, 157 Ala. 391, 47 So. 731. Appellant's requested charges were properly refused. Ala. Power Co. v. Keystone Lime Co., 191 Ala. 73, 67 So. 833, Ann. Cas. 1917C, 878.

RICE, J. This appeal is by the petitioner (appellant) from an assessment of damages made by a jury in the circuit court of Walker county, Ala., upon a trial of a condemnation petition which had been filed, originally, in the probate court of said county. Both the appellant (here) and the appellees appealed from the award of the commissioners made in the probate court. The only issue tried in the circuit court was the amount of damages, and this appeal presents merely some exceptions as to the admission and rejection of testimony and as to the refusal of certain written charges requested by appellant. No good purpose could be served by a detailed statement of the evidence on the trial. It is sufficient to say that the appellant introduced evidence tending to show that there was no damage to the land of the appellees other than the right of way strip condemned, and that appellees introduced evidence tending to show resultant depreciation of the other lands of appellees. The witnesses for the respective parties differed materially as to the value of the strip taken.

Appellant has made nine assignments of error, eight of which it has argued and insisted upon, and we will consider these eight after the manner pursued by counsel for appellant in their brief, filed upon this appeal.

[1] The first and second assignments of error complain of the action of the trial court in overruling appellant's objection to the question propounded to its witness King, upon cross-examination: "Did you know the rule of ascertaining the amount you would be entitled to?" and in refusing its motion to exclude the answer to said question. The said witness having testified that he owned lands similar to, and near to, those of the defendants, and as to the price received by him for a right of way across his own lands, we think the question above allowed on cross-examination fell far short of being in abuse of the discretion reposed in the trial court in such instances. Lowman v. State, 161 Ala. 47, 50 So. 43. Neither was there anything in said witness' answer that placed the court in error in overruling the motion to exclude same.

[2] It seems hardly necessary to discuss the third and fourth assignments of error based upon the trial court's action in allowing, over appellant's objection, the question put by appellees to their witness Jim Williams, and in refusing to exclude the answer thereto, since it affirmatively appears that appellant suffered no injury by the said witness' answer, and under Supreme Court rule 45 we would not predicate a reversal of the case upon either of the rulings complained of.

[3] Appellant can take nothing from its assignment of error No. 5 based upon the action of the trial court in sustaining appellees' objection to the question put by appellant to the defendant T. J. Scott on cross-examination: "And you have been, turning it in for assessment at $7 an acre?" The question, as framed, did not come within the rule laid down in Dean v. County Board of Education, 210 Ala. 256, 97 So. 741, cited by appellant. The trial court, in sustaining the objection, stated to the appellant's counsel, in substance, that, if the question were laid as in the said Dean Case, it would be allowed.

[4] Appellant's assignment of error No. 6 is based upon the refusal of the following written charge:

"(3) I charge you, gentlemen of the jury, that the landowner in this case has the right to cultivate the right of way in this case, to go across it, and to use it generally in any way which does not interfere with the transmission of the petitioner."

On the original consideration of this case we were of the opinion that this charge, while stating a correct proposition of law, was abstract.

Upon reconsideration we have changed our views, and have reached the conclusion that under the authority and reasoning in the opinion of Alabama Power Co. v. Sides, 212 Ala. 687, 103 So. 859, a case decided at the present term of our Supreme Court, the refusal of this charge was prejudicial error.

[5] Likewise we have reached the conclusion, upon further consideration, that charge D, refused to appellant, should have been given.

For the error in refusing the two charges mentioned above the application for rehearing is granted, the former opinion withdrawn, this opinion substituted, the judgment reversed, and the cause remanded.

Reversed and remanded.