(138 So. 552)
### BARROW v. CITY OF BESSEMER.
#### 6 Div. 15.

Court of Appeals of Alabama.
Oct. 6, 1931.

Rehearing Denied Nov. 3, 1931.

---

[1] 223 Ala. 239.

Ross, Bumgardner, Ross & Ross, of Bessemer, for appellant.

S. A. Moore, of Bessemer, for appellee.

RICE, J.

The city of Bessemer imposed a license upon certain businesses, one of which, and the license imposed, was stated in the "schedule of licenses" for the year in question here, in the following words and figures, to wit:

"18. Bottling Works, Manufacturers, or bottlers, of soft drinks or similar extracts or beverages, or agents for bottling works.

"Automatic Machines, $150.00.

"Semi-Automatic Machines, $75.00.

"Foot Power, $50.00."

Appellant was convicted, first in the recorder's court of the city of Bessemer, then, on appeal, in the circuit court, of the offense of violating the terms of the ordinance from which the above excerpt is quoted; it being alleged "that he did engage in the business of a manufacturer, or bottler, of soft drinks, or similar extract(s) or beverage(s), by means of an automatic machine, or did act as agent for such bottling works, without first procuring a license therefor, etc."

It was without dispute that appellant drove regularly, a truck for Coca-Cola Bottling Company of Birmingham, Ala., a concern engaged in the bottling business; and that he drove said truck into the city of Bessemer, and sold and delivered from said truck, in said city, some of said Coca-Cola; that the same was "bottled," or "manufactured," in the city of Birmingham, and not in the city of Bessemer, or within its police jurisdiction; that neither appellant nor Coca-Cola Bottling Company, his employer, had taken out or paid the "license" above mentioned; that the said Coca-Cola Bottling Company use, in the "bottling," or "manufacturing," of the said Coca-Cola in question, "Automatic Machines."

The case was tried before the court, sitting without a jury.

Much is made by appellant over the fact that it appears that the ordinance as "published, etc.," contains the words "or agents for bottling works," where shown in the portion of said ordinance set out hereinabove, whereas, in the "minutes of the meeting of the mayor and board of aldermen" of the city of Bessemer, at which the said ordinance was adopted, the said words "or agents for bottling works," do *not* appear.

But, as we see it, this is not a matter vital to the determination of the cause, here. So we will not discuss it.

If the *principal* could not do what is shown in the case, without the "license," the *agent* could not do it—whether he were named in the ordinance, or not.

But we are of the opinion that the terms of the ordinance were not shown to be violated—either by the principal, or the agent.

As said by the Superior Court of Pennsylvania: "The proposition that a bottler is 'one who bottles' is so direct and simple that it invites acquiescence." McTaggart's Bottler's License, 32 Pa. Super. Ct. 560.

And while there is no doubt that the city had the authority to pass an ordinance imposing a license upon what appellant is shown to have done (Code 1923, § 2154; Town of Guntersville v. Wright [Ala. Sup.] 135 So. 634,[1] and cases therein cited), yet we are of the opinion, and hold, that the terms of the ordinance here in question do not impose such license. We are unable to see how "selling," or "delivering," a soft drink, is any part of "manufacturing" it, or "bottling" it. And showing one to be an "agent" for "selling," or "delivering," is not, in and of itself, any evidence that he was such "agent" for "bottling," or "manufacturing."

The evidence being without dispute, and it appearing that no conviction could be had under same, in this prosecution, the judgment of the lower court is reversed, and it is hereby ordered that the appellant be discharged.

Reversed and rendered.

[1] 223 Ala. 349.