160 So. 554

### SCONYERS v. TOWN OF COFFEE SPRINGS.

#### 4 Div. 816.

Supreme Court of Alabama.

March 28, 1935.

See, also, Sconyers v. Coffee Springs, ante, p. 12, 160 So. 552.

A. A. Smith, of Hartford, for the motion.

E. C. Boswell, of Geneva, opposed.

THOMAS, Justice.

It is recited in the opinion of the Court of Appeals that the ordinance in question was introduced in evidence, that specific grounds of objection were assigned—as those passed upon by former application to this court—; and that the ordinance does not purport to have been published as required by law to become effective.

The last-stated ground was before the court, but not presented for decision when petition for certiorari was heretofore granted.

It is recited, as findings of fact by the Court of Appeals, (1) that the ordinance offered in evidence and to which objection was interposed does not purport to have been published by authority of the council in book or pamphlet form, and (2) that no certificate of the clerk as to its legal publication was offered in evidence. For the failure of such a predicate, the ordinance was held inadmissible in evidence.

Under the requirements of the statutes such ordinance of a general or permanent nature does not become effective until its due publication or posting according to the facts indicated by the statute; and it is not admissible in evidence without its due certification. Sections 1995, 1999, 2000, Code; Smith v. Town of Eclectic, 18 Ala. App. 329, 92 So. 212; Cooper v. Town of Valley Head, 212 Ala. 125, 101 So. 874; Barrow v. City of Bessemer, 24 Ala. App. 530, 138 So. 552.

The general rule is that the burden is on him who asserts the existence and effectiveness of an ordinance to show that it has been duly published, posted, or certified by authority. Section 1999, Code. This being done, the burden shifts to him who challenges an ordinance to show the grounds of its invalidity. Ex parte City of Albany (City of Albany v. Nix), 213 Ala. 371, 106 So. 200; Titus v. Braidfoot, 226 Ala. 21, 145 So. 423.

Under these rules and the findings of fact made by the Court of Appeals, as we have indicated, the petition for writ of certiorari is denied.

Writ denied.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.