119 So.2d 899

Bessie V. PAPPAS

v.

**ALABAMA POWER COMPANY.**

4 Div. 987.

Supreme Court of Alabama.

April 21, 1960.

Grubb & LeMaistre and Archie I. Grubb, Eufaula, and Martin & Blakey and Robt. M. Collins, Birmingham, for appellee.

Christie G. Pappas and Chauncey Sparks, Eufaula, for appellant.

476

SIMPSON, Justice.

A condemnation proceeding was brought by Alabama Power Company in the Probate Court of Barbour County, Alabama, against Bessie V. Pappas and Gregory H. Pappas to condemn lands for a fifty foot wide right of way on which to erect towers, poles, and wire lines for distribution and sale to the public of electric power. From an order of condemnation granted by the Probate Court and an assessment of damages by commissioners in the amount of $3,780, Bessie V. Pappas and Gregory H. Pappas appealed to the Circuit Court of Barbour County, Eufaula Division, and filed a demand for a jury trial. A trial de novo was held in the Circuit Court pursuant to the statute. The Circuit Court granted the application for condemnation. During the trial the jury, accompanied by the trial judge, was taken to the situs of the Pappas land. The jury returned an award for the condemnees in the amount of $4,999.88, and judgment was thereupon entered. Appellant Bessie V. Pappas has taken an appeal from this judgment and the order overruling her motion for a new trial. Gregory H. Pappas and Christie G. Pappas acknowledged themselves as security for costs on this appeal and Bessie V. Pappas filed a notice of appeal to this court. Co-condemnee Gregory H. Pappas did not join in the appeal.

Appellee has filed a motion to dismiss the appeal on technical grounds. The motion does not impress us as containing merit, but in view of our conclusion that the judgment should be affirmed, we will not treat the question.

The first assignment of error relates to the ruling of the court in overruling defendant's demurrer to the application of the condemnor. Appellant's brief states as follows: "This proposition raises the question as to whether land in Alabama can be condemned in proceedings of this kind without alleging that it is for the public use of the people of Alabama. The petition is silent."

Section 3, Tit. 19, Code 1940, as pertinent requires that "the uses or purposes for which the land is to be taken" shall be stated with certainty in the application for condemnation. In Rountree Farm Co. v. Morgan County, 249 Ala. 472, 474, 31 So.2d 346, 348, we said:

> "Section 3, Title 19, Code of 1940, prescribes the allegations necessary to a petition for condemnation. We have held that a petition which complies with the statute is sufficient. Stout v. Limestone County, 211 Ala. 227, 100 So. 352. And it was expressly held in Dean v. County Board of Education, 210 Ala. 256, 97 So. 741, that it was not necessary to allege that the condemning authority has ordered the condemnation. The allegations here complained of are surplusage, and do not render the petition defective, insufficient or demurrable under section 3, Title 19, supra."

This proposition was reaffirmed in the case of Lipscomb v. Bessemer Board of Education, 258 Ala. 47, 61 So.2d 112.

█ Condemnor's application alleges that the uses and purposes for which the said land, rights and interest therein described were to be condemned and taken were for ways and rights of way on which to construct or erect towers, poles, and wire lines, for the transmission, distribution, supply and sale to the public of electric power, and for selling and supplying such power, heat, light and electricity in the manner required by Tit. 10, § 187, Code of Alabama of 1940. This, along with other allegations in the application, constitutes a sufficient compliance with § 3, Tit. 19, Code of 1940, to withstand the ground of demurrer argued.

█ Under this same assignment of error, appellant contends that the appellee has no right to condemn a right of way to transport electric current into Georgia. We do not find a ground of demurrer which effectually raises this point. Furthermore, it does not appear on the face of the application that the appellee planned to use this right of way for the purpose of sending electric current into Georgia. A demurrer is addressed only to defects apparent on the pleading; otherwise, it is known as a speaking demurrer. Appellant had the right and privilege of presenting this objection by plea. United States Fidelity & Guaranty Co. v. Town of Dothan, 174 Ala. 480, 56 So. 953. But lest the substantive aspect of that objection be left in doubt, we would call attention to the following expression appearing in the case of Columbus Waterworks Co. v. Long, 121 Ala. 245, 25 So. 702, 703:

> "It is equally clear, that this right is not to be denied where public uses are to be subserved in the State granting condemnation, because in connection therewith, public uses in another state may be likewise promoted. While a state will take care to use this power for the benefit of its own people, it will not refuse to exercise it for such purpose, because the inhabitants of a neighboring state may incidentally partake of the fruits of its exercise."

The evidence found in the record unmistakably shows that the land being taken here was to be used in the construction of transmission lines to distribute electric power to users in the City of Eufaula and other surrounding areas in Alabama.

■ Two grounds of appellant's demurrer were directed to the fact that the petition failed to aver that the construction of the proposed utility had been approved by the Planning Commission of the City of Eufaula as required by § 794, Tit. 37, Code of 1940. This failure presents no demurrable defect, since, in line with the authorities cited earlier in this opinion, there is generally no requirement that such an averment be made in the petition for condemnation. Any such averment would be mere surplusage. And furthermore, there was nothing on the face of the petition to indicate that a planning commission had any involvement in the matter.

■ This court will presume that the appellant waived the other grounds of demurrer not insisted on and argued in brief. Conner v. State ex rel. Perry, 211 Ala. 325, 100 So. 474.

■ The third assignment charges error in the refusal of the lower court to grant appellant's motion for a new trial. The only argument which appellant apparently advances in her brief in support of this assignment proceeds upon the theory that the award of damages by the jury was insufficient. Since Assignment of Error No. 6 is a duplicate of this proposition, we shall consider both at this point. And with respect to Assignment No. 3, this court will not search for error not specifically assigned and argued in brief but merely touched upon in general propositions and without specific application. Suits v. Glover, 260 Ala. 449, 71 So.2d 49, 43 A.L.R.2d 465; Schneider v. Southern Cotton Oil Co., 204 Ala. 614, 87 So. 97. Therefore, grounds of the motion other than the inadequacy of damages awarded will be considered waived. Grimes **v.** Jackson, 263 Ala. 22, 82 So.2d 315.

■ The testimony of the witnesses as to value of the land taken revealed figures ranging from $2,827.50 to $28,000. The right of way sought to be condemned was estimated to contain 3.78 acres. Some of this land was said to be flat, useful land, but part of it was described as gully or lost land. One witness stated that the flat land had a present use of pasture land and stacking of lumber but that the gully land had no present use. Another witness testified that this property was most adaptable for a colored subdivision. The respective tendencies of the evidence were at great variance. Because of practical considerations in trying cases of this type, keeping in mind that the jury hearing the issue must analyze the evidence in the light of its common knowledge and must arrive at its verdict by reconciling the various opinions as best it can, it is generally recognized that the conclusion of the original trier of fact, the court or the jury, who saw and heard the witnesses and observed their conduct and demeanor on the stand is entitled to great weight. Rountree Farm Co. v. Morgan County, supra. The governing rule which is applied in such reviews is most apposite here. As stated in Thornton v. City of Birmingham, 250 Ala. 651, 35 So.2d 545, 549, 7 A.L.R.2d 773:

"The verdict of the jury and the ruling of the trial court refusing to set it aside on such ground will not be overturned unless it clearly appears that the verdict was the result of inadvertence or intentional or capricious disregard of the evidence, or was infected with bias, passion, or other improper motive, and that the excessiveness of the verdict was the result thereof. In other words, unless the amount is so large or so small as to carry internal evidence of intemperance in the minds of the jury the verdict must stand. * * *

"On this issue the courts approve the principle that when the presiding judge refuses to grant the new trial, the favorable presumption attending the verdict of the jury is thereby strengthened. Birmingham Electric Co. v. Howard, supra."

If further authority is needed, Dorroh v. Jefferson County, 264 Ala. 335, 87 So.2d 619, should suffice.

The jury viewed the premises during the trial of the case, which serves to further strengthen the correctness of the verdict rendered. State v. Carter, 267 Ala. 347, 101 So.2d 550. A review of the record in the instant case, when carefully considered in the light of the principles enunciated, cannot but force a conclusion that the lower court committed no error to reverse in refusing to grant appellant's motion for a new trial on the ground of inadequacy of damages.

The fourth assignment of error takes exception to the court's refusal to grant appellant's requested Charge No. 2, which reads:

"In arriving at just compensation it is proper for you to use not only the value of the land taken, but also any injury or diminution in value of the rest of the land, and also compensation for the qualified easements over the adjoining lands for removal of dangerous trees, and also the right to place guy lines on adjoining lands."

Appellee urges that this instruction was not supported by the evidence, was abstract, misleading and confusing. Appellant has called this court's attention to certain pages in the transcript which she alleges contain evidence tending to show facts upon which the instruction is based. But an examination of these pages does not reveal any testimony relating to the placement of guy lines on appellant's land. Instructions based partly or entirely on a state of facts not appearing in the evidence are abstract, and it is not error to refuse them. Allen v. Hamilton, 109 Ala. 634, 19 So. 903. This rule negatives any error in refusing the charge. Also, the charge is confusing and misleading.

Below set out is appellant's requested Charge No. 4, the refusal of which is made the fifth assignment of error:

"Mrs. Pappas is entitled to such damages as part of the just compensation for the land taken which she may sustain by the presence of a very high powered transmission line on her land and adjacent to lands not taken."

This court many years ago recognized the great importance to the people of this state of the policy problem inherent in this particular question raised anew by the assignment now under consideration. The court discussed the subject at great length in the case of Alabama Power Co. v. Keystone Lime Co., 191 Ala. 58, 67 So. 833, 835, where it was held that the trial court committed reversible error when it orally charged the jury in effect that if the fear of operation of electric power line or cable was prevalent in the community, and it affects the value of the remaining tract of land, then it was proper for the jury to allow such weight as it thought it was entitled to, and to assess or determine the amount of diminution in value of the property on that account. That case went on to say:

"The mere fact that people have fears that injury may possibly occur at some time to some person by reason of the cables cannot be considered by the triers of the facts. * * *

"While, therefore, it is the intent of the law that all the actual damages which may naturally and proximately result to the remainder of a man's tract of land by reason of the condemnation of a right of way for a public purpose across it shall be paid to him, the law will not permit mere speculative elements of damages, based upon an ill-defined fear that at some unknown and indefinite time in the future some misfortune may come to some man or beast by reason of such improvement, to enter into the consideration of those who, under the law, are required to fix the amount of the damages. * * *

"If it be true that some people who have not grown accustomed to lines similar to that of appellant are afraid of this improvement, and that therefore they are not now willing to buy appellee's lands, the law can furnish to appellee no remedy therefor, and cannot regard depreciation created by such a cause as resting upon any substantial basis. * * * In allowing compensation, however, it cannot allow any compensation on account of any claimed depreciation of such remaining land which is due to the mere fears of some of the people, which are founded in reality upon their lack of knowledge of the real effect of the line, and which human experience shows is not justified by the facts."

It is evident from the briefs of appellant that it is just such "things as mental injury, mental disturbance and mental fear" that she had in mind when the refused charge was requested. In fact, appellant seems to suggest that this court depart from the "restrictive" policy established by the Keystone Lime case. We cannot accede to such a request. The reasoning of that case is sound and probably even more necessary in this modern age of scientific and industrial expansion. No error can be laid to the trial court for this ruling.

■ The seventh assignment claims error in the entering by the trial court of the order of condemnation on the jury's verdict. This assignment was not argued in appellant's original brief. It is argued in appellant's reply brief, but no authorities are cited in support thereof. What argument is given proceeds to discuss the failure of the court to grant appellant's motion for a new trial, and we are unable to see how this line of argument applies. Another phase of appellant's argument on this point is that appellee failed to allege and show compliance with Section 74, Title 10, Code of 1940. So far as we can ascertain from the record, this particular objection was not raised in any fashion during the proceedings below. In any event, the assignment itself fails to concisely point out the error relied on for reversal and it is too general to merit consideration, and in this respect violates Supreme Court Rule 1. Rules of Practice in the Supreme Court, Rule 1, Tit. 7, Appendix, Code of 1940; Purvis v. Ennis, 258 Ala. 174, 61 So.2d 451; Wetzel v. Hobbs, 249 Ala. 434, 31 So. 2d 639.

■ Appellant's fourteenth assignment asserts error in the court's giving of the following charge to the jury requested by appellee:

Charge No. 9 "I charge you, gentlemen of the jury, that the landowner in this case has the right to cultivate the right of way in this case; to go across it and to use it generally in any way which does not interfere with the transmission of the petitioner."

Charges of this nature have been approved as correct. Alabama Power Co. v. Scott, 21 Ala.App. 27, 104 So. 873. The Scott case, supra, is consonant with expressions appearing in Alabama Power Co. v. Keystone Lime Co., supra, and in Alabama Power Co. v. Berry, 222 Ala. 20, 130 So. 541, 544. We quote from Berry:

"While the fee remains in the appellees, the easement and servitude extend to all uses directly or incidentally conducive to the advancement of the purposes for which the right of way was acquired, and the owner retains merely the title in fee, carrying the right to make such uses as in no way interferes with the full and free exercise of the easement."

It may be added that the Berry and Keystone Lime cases above quoted from also concerned the acquisition of a permanent right of way for the construction of a power line, as in the instant case.

■ Appellant has argued the fourteenth assignment of error in bulk with Assignment of Error No. 13 and Assign-

ment of Error No. 8. The charge claimed as error in Assignment No. 8 is similar in legal effect to Charge No. 9, supra, and is governed by the same principle noticed above. Assignment No. 13 claims error in giving a charge in no way related to those in assignments No. 8 and 14 and will not be considered. Bush v. Bumgardner, 212 Ala. 456, 102 So. 629; Cairnes v. Hillman Drug Co., 214 Ala. 545, 108 So. 362.

■ The giving of Charge No. 3 at the request of appellee is made the basis of another of appellant's Assignments of Error. That charge reads as follows:

"I charge you, gentlemen of the jury, that the burden is on the land-owners in this case not only to satisfy you that their lands adjacent to the right of way were damaged, but also to satisfy you as to the depreciation in the reasonable market value of such adjacent lands, and if the landowners fail to satisfy you as to the amount of such depreciation in value, then you must not award any damages to such adjacent lands."

The charge seems to be consonant with the law on the subject. Nichols, Eminent Domain, § 14.21[2], Third Edition.

The trial court also gave Charges No. 4, 5, and 6 at the request of the appellee, which is sought to be made the basis of error:

4. "The Court charges you that while it is proper for a witness, in making his estimate of damages to be allowed the defendant, to take into consideration any use to which he believes, from the evidence, the property in question may be profitably put to, yet, gentlemen of the jury, you are not bound to base your verdict upon the supposition that such property would be put to a use other than that to which it is now or has been devoted."

5. "I charge you that if you are reasonably satisfied from the evidence in this case that any witness has magnified or exaggerated the value of the land taken, or the damages to the land not taken, on account of his interest in the outcome of this action, or his prejudice, or want of knowledge or experience or truthfulness, then you have the right, and it is your duty, to disregard the evidence of such witness insofar as the same is unjustly magnified or unjustly increased, either as to the value of the land taken, or the damage to the property not taken."

6. "The Court charges the jury that in assessing the damages to the property of the landowners you should not take into consideration as an element of damages that which is remote or imaginary or uncertain or speculative, even though mentioned or testified about by witnesses, and unless you believe from the evidence that there has been some proximate and direct physical disturbance of a property right in excess of that sustained by the general public, then the landowners are not entitled to any damages for the property not taken."

The arguments submitted by appellant in support of Assignments of Error 10, 11, and 12, asserting error on the part of the trial court in giving Charges 4, 5, and 6 requested by the appellee, respectively, are brief indeed and they have not been impressed with such persuasiveness as to induce this court to ascertain error in the record. But we will consider them briefly.

■ With respect to Charge No. 4, it will certainly not be assumed that appellant disagrees with the first part of that charge, that is, that "it is proper for a witness, in making his estimate of damages to be allowed the defendant, to take into consideration any use to which he believes, from the evidence, the property in

question may be profitably put to", and, as for the second part of that instruction, it is difficult to understand how the appellant could propose that the jury, having seen the land on a first hand view, is bound to suppose that the property would be put to some use other than that to which it is now or has been devoted.

■ As to Charge No. 5, it appears from the record that one of the witnesses for appellant was the appellant's son and one of appellant's attorneys. The fact of this relationship was entitled to some consideration by the jury. There is authority, therefore, to support the giving of Charge No. 5. Whaley v. Sloss-Sheffield Steel & Iron Co., 164 Ala. 216, 51 So. 419; Louisville & N. R. Co. v. Cowherd, 120 Ala. 51, 23 So. 793; Birmingham Ry., Light & Power Co. v. Glenn, 179 Ala. 263, 60 So. 111; Layton v. State, 22 Ala.App. 523, 117 So. 610.

■ Charge No. 6 correctly stated the law. The rule has been expounded in the Keystone Lime case, supra, as follows:

"The resultant damages must be the direct and certain—not remote and speculative—damages which will accrue to the remaining lands by reason of the presence of the right of way through such lands, and the uses to which such right of way is to be put." [191 Ala. 58, 67 So. 834.]

Authorities from many jurisdictions were reviewed thoroughly in the case of Alabama Power Co. v. City of Guntersville, 235 Ala. 136, 177 So. 332, 339, 114 A.L.R. 181, and it was deduced from these authorities that just compensation must be made when "there will be occasioned some direct physical disturbance of a right, either public or private, which the owner enjoys in connection with his property, and which gives it an additional value, and that by reason of such disturbance he has sustained some special damage with respect to his property in excess of that sustained by the general public." See also Thompson v. City of Mobile, 240 Ala. 523, 199 So. 862.

■ The charge might well have been refused for a failure to predicate a finding on a "reasonable satisfaction" rather than a "belief" from the evidence. But in the form as given it was favorable and not prejudicial to the appellant.

Assignment of Error No. 2 asserts error in the sustaining of appellee's demurrer to the plea of appellant. Although this plea obviously attempted to set up as a matter of defense a contention of some substance, no error can be found in the ruling of the court in holding that the plea was insufficient as against demurrer.

The special plea is here set out:

"That the area in which condemnation of a right of way is sought by the plaintiff is within a zoned area of the City of Eufaula, a municipality under the laws of the State of Alabama, and subject to the laws, rules and regulations of a Planning Commission heretofore created by the City of Eufaula, under Article 1, 2 & 3 of Chapter 16, of Title 37, of the Code of Alabama, 1940, and amendments thereto. One of the requirements of said Planning Commission is that no utility can be built in a zoned area without the approval and permit of said Planning Commission.

"And the defendants aver, upon information and belief, that the plaintiff has not secured the approval and consent and permit of said Planning Commission.

"Hence, the plaintiff is not now authorized by the laws of Alabama to condemn the property sought to be condemned in this action."

119 So.2d 909

■ Appellee contends, among other things, that the plea was defective in that it failed to allege the existence and effectiveness of the zoning ordinance relied on in the plea. Although the plea is completely silent as to any specific ordinance of the City of Eufaula which created the planning commission to which reference is made in the plea, we judicially know that such an ordinance would be necessary in order to create the commission. Section 787 of Title 37, Code of 1940, provides that any municipality is thereby authorized and empowered to make, adopt, amend, extend, add to, or carry out a municipal plan as provided in the article and create by *ordinance* a planning commission with the powers and duties therein set forth and that the planning commission of a city shall be designated city planning commission. The law is that before an ordinance of a general or permanent nature can become effective or operative its publication is just as essential as its passage, for the mere existence of an ordinance is no evidence that it is effective. Our law is further to the effect that one who relies upon an ordinance in the assertion of a right or defense must allege in some way its existence and effectiveness. Roach v. City of Tuscumbia, 255 Ala. 478, 52 So.2d 141; Sconyers v. Town of Coffee Springs, 230 Ala. 206, 160 So. 554. Little doubt could be entertained that the type of ordinance presented here is of a general or permanent nature and it is, therefore, subject to the rule stated. The plea is also defective in other respects pointed out in other grounds of demurrer, not necessary to discuss

We have given careful study to the case in connection with the able briefs of counsel and cannot say that error to reverse is made to appear.

Affirmed.

LAWSON, STAKELY, and MERRILL, JJ., concur.