(85 South. 332)

**HOUSE AND LOT v. STATE ex rel. PATTERSON et al. (4 Div. 861.)**

(Supreme Court of Alabama. Feb. 12, 1920.)

1. Criminal law 1213, 1214 — Intoxicating liquors 245—Forfeiture of property not violation of constitutional prohibition of unusual punishments.

The Bone-Dry Law (Acts 1919, p. 6 et seq.), providing for forfeiture to the state of all property used in connection with an illegal plant for distilling liquors, with buildings and lots constituting the premises, *held* not in violation of Bill of Rights, § 15, prohibiting excessive fines and cruel or unusual punishments.

2. Equity 233 — Defects of form in bill should be pointed out by special demurrer.

Defects in a bill, relating to matters of form and not matters of substance, should be pointed out by special demurrer, and general demurrer does not reach them.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

Bill by the State of Alabama, on the relation of T. M. Patterson, against one house and lot, particularly described in the bill, and Joe Crews and others to condemn said house and lot to forfeiture and sale, because of its use as a distillery for the manufacture of unlawful beverage. From a decree overruling demurrers to the bill, claimant named appeals. Affirmed.

The substance of the bill sufficiently appears from the opinion of the court. The demurrers are as follows:

First. That there is no equity in the bill.

Second. That the bill contains no equity.

Third. That the act of the Legislature of 1919, under which this bill of complaint is filed, and the property described in said bill is attempted to be condemned, is null and void, and is violative of section 15, article 1, of the Constitution of Alabama of 1901.

Fourth. That the said act is violative of section 19, article 1, of the Constitution of Alabama of 1901.

McDowell & McDowell, of Eufaula, for appellant.

Counsel discuss the demurrers to the bill, and insist that they are good, but cite no authorities thereto.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for appellees.

The bill was properly filed under section 12, p. 12, Acts 1919, and the defects were not pointed out by the demurrers, if any there were. Sections 3094 and 3121, Code 1907; 178 Ala. 270, 59 South. 567; 49 Ala. 564; 44 Ala. 418; 203 Ala. 153, 82 South. 183; sections 3096, 3097, Code 1907.

SAYRE, J. Demurrer filed by the claimant against the state's bill to condemn was overruled by the trial court, and the claimant has appealed on behalf of his property.

[1] The bill charged that claimant and others "were operating or permitting to be operated in said house on the said described premises a distillery or plant for the making or distillation of liquors or beverages which are prohibited to be made or distilled by the laws of Alabama." The demurrer says that the statute under which the state's solicitor filed the bill is unconstitutional because it violates section 15 of the Constitution—Bill of Rights—providing "that excessive fines shall not be imposed, nor cruel or unusual punishments inflicted." In the same connection appellant calls attention to section 19 of the same instrument:

"That no person shall be attainted of treason by the Legislature; and no conviction shall work corruption of blood or forfeiture of estate."

By Magna Charta a freeman was not to be amerced for a small fault, but according to the degree of the fault, and for a great crime in proportion to the heinousness of it, saving to him his contenement. And Judge Cooley says that the merciful spirit of these provisions addresses itself to the criminal courts of the American States through provisions of their Constitutions. Con. Lim. (7th Ed.) 471.

---

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

But if the provision of section 12 of the so-called "Bone-Dry Law" (Acts 1919, p. 6 et seq.), viz. "and the owner of said distillery or plant or any person permitting the same to exist on the premises shall forfeit to the state of Alabama all property used in connection with said illegal plant, together with the buildings and lots or parcels of ground constituting the premises on which the unlawful act is performed or permitted to be performed"—if this provision be taken at its face value, the sections of the Bill of Rights named above have nothing to do with the case, for they relate to legislative punishment, or legislation for the punishment, of criminal or supposed criminal offenses, whereas that part of the statute to which we have referred is justified on the ground that it is a provision for the abatement of nuisances. The act is not very definite in defining or limiting the premises to be forfeited, and it might seem at first blush that it intends nothing less than a forfeiture of the entire premises in every case where any part is subjected to guilty use, that, in order to abate a nuisance in the shape of a still no more portentous than a coffeepot, it would work a forfeiture of wide estates, and it is against such operation of the law, as we understand, that the argument is directed; but at least this may be said: It does seem to deal with "the buildings and lots or parcels of ground constituting the premises on which the unlawful act is performed or permitted to be performed" as in a class with "property used in connection with said illegal plant." A similar statute of the United States, which evidently the draftsman of this act had before him, though it differs in some respects, has been upheld by the federal courts. 6 Comp. Stat. § 6021 (Rev. St. § 3281), and cases noted in the annotation, Dobbins v. U. S., 96 U. S. 395, 24 L. Ed. 637. And those courts have encountered the difficulty as to the extent of the premises to be forfeited; but in one case at least it was ruled that the forfeiture attached only to "the real estate and premises connected with the distillery; that is, used in connection therewith, to facilitate the carrying on of the business, and directly or indirectly conducive or contributory to that end. It will include all buildings, yards, inclosures, offices, stables, winecellars, etc., used in the illicit business. But it ought not to include dwelling houses, pasture or sowing lots, etc., or village lots and houses, which, though owned by the offender, are not in any way employed in his business as a distiller," etc. U. S. v. Certain Piece of Land, 25 Fed. Cas. p. 367, Fed. Cas. No. 14767. It will suffice, we think, in the present case, to say that it does not appear on the face of the bill that an unlawful invasion of fundamental rights is contemplated, and we cannot anticipate what application of the statute further development of the facts may require. From the bill we do not know enough of the property sought to be condemned.

The act, supra, has been sustained against attack on several other constitutional grounds. Dowda v. State, 203 Ala. 441, 83 South. 324.

[2] The only other objection to the bill taken in the trial court was by way of the general demurrer. It is urged here that the bill was defective in several respects; but the defects so alleged relate to matters of form, not substance, and should have been pointed out by special demurrer. McDuffie v. Lynchburg Shoe Co., 178 Ala. 270, 59 South. 567.

Affirmed.

ANDERSON, C. J., and GARDNER and BROWN, JJ., concur.

---

⚖For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes