(87 South. 815)

JOHNSON v. STATE. (6 Div. 69.)

(Supreme Court of Alabama. Feb. 3, 1921.)

1. Intoxicating liquors ⬅️250—State has burden of showing extent of premises sought to be forfeited for use as a still.

In proceedings under Acts 1919, p. 12, § 12, to forfeit lands used in distilling liquors, the burden is on the state to allege with accuracy the description of "the premises" or "the lots or parcels of ground constituting the premises" on which the still was illegally operated; if the state alleges a large area on which the still is used and operated, and the proof shows a use only of a part thereof, then the state must by proof describe and carve out the smaller area from the larger tract.

2. Intoxicating liquors ⬅️250—Evidence held not to show what part of premises was used in connection with still.

In proceedings to forfeit lands used in distilling prohibited liquors, evidence held too indefinite for the court to describe what part of 20 acres constituted the premises used in connection with a still for making the liquor.

Appeal from Circuit Court, Cullman County; Robert C. Brickell, Judge.

Bill by the State of Alabama to condemn certain lands because used in distilling prohibited liquors. Seab Johnson appeared as claimant and filed answer, and from a decree condemning the lands, he appealed. Reversed and remanded.

A. A. Griffith and W. E. James, both of Cullman, for appellant.

The land constitutes the homestead, had not been alienated, and may not be decreed to be sold without violating section 205, Const. 1901. 201 Ala. 112, 77 South. 406; 203 Ala. 441, 83 South. 324; 204 Ala. 108, 85 South. 382; (C. C.) 25 Fed. 367.

J. Q. Smith, Atty. Gen., and Lamar Fields, Asst. Atty. Gen., for the State.

The authorities cited by complainant show that his contentions are not borne out by the law. The final decree was not erroneous. 69 Ala. 543; 69 Ala. 22; Story's Eq. Pl. §§ 447–452.

MILLER, J. This bill of complaint seeks to condemn and have forfeited to the state and sold the N. ½ of S. E. ¼ of N. E. ¼ of section 2, township 10, range 3, containing 20 acres, except a strip of 20 feet wide off the west end for a road, in Cullman county, Ala. It alleges the defendant owned said land and was operating a still and making liquor thereon in April, 1919.

The defendant, Seab Johnson, filed answer denying the allegation of the bill of complaint.

The evidence showed defendant owned the 20 acres of land and a copper still, which he had in operation in April, 1919, making liquor in a cellar on the land. This cellar was "12 to 15 feet square," with dirt floor; was under the dining room of the residence of defendant. Residence had porch in front and two rooms in front and porch in rear. The witnesses say "the cellar was the only part of this land used for operating the still that they knew of."

The owner of any still making prohibited liquor having it on "his premises" shall forfeit to the state "all property used in connection with said illegal plant, together with the buildings and lots or parcels of ground constituting the premises on which the unlawful act is performed or permitted to be performed." Acts 1919, p. 6, § 12.

[1] The burden is on the state to allege with accuracy the description of "the premises" or "the lots or parcels of ground constituting the premises" on which the still was illegally operated. If the state alleges a large area on which the still is used and operated and the proof shows a use only of a part thereof, then the state must by proof describe and carve out the smaller area from the larger tract, and amend the bill of complaint to correspond with the evidence.

---

The allegations are the defendant used and operated this still on 20 acres of land, properly describing it. The proof shows the entire 20 acres were not so used. Now does the evidence describe what ground, premises, lots or parcels of said 20 acres were used in the illegal plant, so it can be located, condemned, and sold?

The evidence shows the still was in a cellar 12 to 15 feet square under a dining room of the residence of defendant on this land, which residence had two rooms in front, a front porch, and back porch. No evidence to show the size and location of residence. No evidence as to whether there was a yard or yard fence, lot or lot fence, garden or garden fence, orchard or orchard fence, or their sizes and lengths, or well or wood pile, or whether the residence faced a road or not. Silent is the testimony as to the contents of the three barrels of beer. Nothing to show the court whether it was made of meal ground from corn out of the crib or from apples, peaches, pears, or apricots from the orchard. The grounds immediately around the residence, used from necessity to go in and out of the cellar for wood, water, and material to operate the still, are not described in the evidence. All these matters are material to assist the court in a case like this in getting the dimensions of the premises, lots, or parcels of ground, and what parts were used in the unlawful business of distilling, so it could be described in the decree and located by a surveyor.

[2] The proof is too indefinite and uncertain for the court to describe what part of the "ground" of the 20 acres constituted the premises, lots, or parcels of ground on which the illegal distilling was done, so it could condemn and order it sold. House and Lot v. State, 85 South. 382;[1] Dobbins v. U. S., 96 U. S. 395, 24 L. Ed. 637; U. S. v. Certain Piece of Land, 25 Fed. Cas. No. 14,767, p. 367.

The court below ordered and decreed the entire 20 acres to be sold.

Let that decree be set aside, and a decree entered here reversing the cause.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.