(93 South. 412)

**GEIGER v. GILLESPIE. (8 Div. 467.)**

(Supreme Court of Alabama. May 18, 1922.)

**1. Account stated ⬅20(1)—On conflicting evidence as to objection to account by defendant, issue is for jury.**

In action on account stated, where the evidence as to whether the account rendered was objected to when presented, the issue was for the jury.

**2. Physicians and surgeons ⬅24(4)—Question of special contract for services held for jury.**

In physician's action for services, where one of the counts of the complaint rested for recovery on a special contract for such services, held, the issues presented by this count were for the jury.

**3. Appeal and error ⬅1078(1)—Assignment waived where restated in brief without argument.**

An assignment is waived where restated in the brief without argument.

Appeal from Circuit Court, Marshall County; O. A. Steele, Judge.

Action on account by W. T. Gillespie against J. B. Geiger. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

John W. Brown, of Boaz, for appellant.

The defendant was due the general affirmative charge. 20 Ala. 687; 6 Ala. 518, 41 Am. Dec. 60; 103 Ala. 332, 15 South. 672;

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

111 Ala. 248, 19 South. 996; 10 Ala. 900; 86 Ala. 242, 5 South. 682; 155 Ala. 299.

H. G. Bailey, of Boaz, for appellee.

Brief of counsel did not reach the Reporter.

GARDNER, J. Appellee, a physician, sued appellant to recover for professional services rendered by him to appellant's daughter. One of the counts of the complaint was upon an open account, another upon an account stated, and the remaining count for professional services rendered by plaintiff for defendant, at the instance and request of defendant. The cause was tried upon these counts, and the plea of general issue, together with the plea of the statute of limitation of three years.

The only question argued upon this appeal relates to the insistence that the affirmative charge was due defendant upon the whole case, and this upon the theory that more than three years had expired from the time the services were rendered, and there had been shown no agreement on the part of the defendant to pay plaintiff. No special instruction was requested as to the count resting upon an open account.

[1] There was evidence for the plaintiff tending to show that the account here sued upon was rendered by the plaintiff to the defendant, which the latter retained without objection of any character—the services having been rendered in January, 1916, and the statement having been rendered to the defendant in May, 1918. The evidence was in conflict, however, as to any objection on the part of the defendant, and the issue of fact thus presented was properly left for the determination of the jury. It therefore appears that the affirmative charge was not due defendant as for an account stated. Walker v. Trotter Bros., 192 Ala. 19, 68 South. 345.

[2] Moreover, one of the counts of the complaint rested for recovery upon a special contract between the parties as to the services rendered, which was supported by the testimony of Dr. Morton, witness for the plaintiff. The issues presented by this count were also properly submitted to the jury. We have examined each of the authorities cited by counsel for appellant, and find nothing in them which militates against the conclusion here reached.

[3] The third assignment of error is merely restated in brief of counsel for appellant without argument of any character whatever. Under the uniform ruling of this court this assignment is waived.

We find no reversible error, and the judgment appealed from will be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.