(100 South. 474)
**CONNER v. STATE ex rel. PERRY, Deputy Sol. (6 Div. 87.)**

(Supreme Court of Alabama. May 22, 1924.)

**1. Appeal and error ⬤⇒917(3)—Grounds of demurrer, not asserted and argued in brief, presumed waived.**

The appellate court will presume that grounds of demurrer, not asserted and argued in the brief, are waived by appellant.

**2. Intoxicating liquors ⬤⇒248—Description of property sought to be condemned held sufficient.**

Description in bill in equity filed by the state as authorized by Acts 1919, p. 12, § 12, to condemn property used to distill and manufacture prohibited liquors, *held* sufficient to locate and identify property.

**3. Equity ⬤⇒273—Amendment to bill, describing more accurately property sought to be condemned, held not departure.**

Where the original and amended bill in equity, filed by state pursuant to Acts 1919, p. 12, § 12, sought to condemn the same property and specifically described it, an amendment which did not change the property sought to be condemned, but merely made its description more accurate, was not a departure.

**4. Appeal and error ⬤⇒515(2)—Decree reversed for absence from record of note of testimony.**

In a proceeding in equity to condemn property used to distill and manufacture prohibited liquors, decree condemning the premises, and otherwise granting relief prayed for, will be reversed, where no note of testimony, required by Code 1907, p. 1551, rule 75, is in record.

**5. Appeal and error ⬤⇒515(2)—Decree denying complainants relief will not be reversed on account of nonexistence of note of testimony.**

Should the trial court render a decree denying complainants relief, and dismissing the cause, without the note of testimony required by Code 1907, p. 1551, rule 75, the appellate court will affirm the decree, notwithstanding absence of note of testimony, because under those circumstances the decree rendered is the only kind that could be rendered.

Appeal from Circuit Court, Jefferson County, Bessemer Division; J. C. B. Gwin, Judge.

Bill in equity by the State of Alabama, on the relation of Ben G Perry, as Deputy Solicitor of the Bessemer Division of the Circuit Court of Jefferson County, against F. H. Conner, for condemnation of premises on which a distillery was operated or permitted to be operated. From a decree of condemnation, respondent appeals. Reversed and remanded.

Benton & Bentley, of Bessemer, for appellant.

The trial court erred in overruling demurrer to the bill. Acts 1919, pp. 11, 12, §§ 9, 12; Dowda v. State, 203 Ala. 441, 83 South. 324; House and Lot v. State, 204 Ala. 108, 85 South. 383, 10 A. L. R. 1589; Johnson v. State, 205 Ala. 294, 87 South. 815.

Harwell G. Davis, Atty Gen., Ben G Perry, Deputy Sol., and Arthur Green, Asst. Deputy Sol., both of Bessemer, for appellee.

The bill was not subject to demurrer. Acts 1919, p. 12, § 12; Dowda v. State, 203 Ala. 441, 83 South. 824; House and Lot v. State, 204 Ala. 108, 85 South. 383; Johnson v. State, 205 Ala. 294, 87 South. 815. The amendment of the complaint as to description of the property was permissible. Buchanan v. Larkin, 116 Ala. 431, 22 South. 543.

MILLER, J. This is a bill in equity, filed by the state of Alabama, through its solicitor, against F. H. Conner, to condemn a lot and house thereon under and as authorized by section 12 of an act approved January 25, 1919 (Gen. Acts 1919, p. 12), on the ground this lot and house thereon were being used by the owner to distill and manufacture prohibited liquors, contrary to law. The defendant demurred to the bill as amended. It was overruled by the court. Then an answer was filed to it, denying the averments therein, and the court by decree granted complainant the relief prayed for, and ordered the lot sold and the proceeds of sale distributed as the statute directs. The defendant appeals from the final decree and assigns separately these decrees as error.

[1] There are many grounds assigned in the demurrer to the bill as amended, but only two are insisted on and argued in brief of appellant. We will consider these, and presume the appellant waived the other grounds. Geiger v Gillespie, 207 Ala. 528, 93 South. 412; Shelby Iron Co. v. Cole, 208 Ala. 657, 95 South. 47.

[2] Appellant insists the bill as originally filed and as amended does not sufficiently

describe the property sought to be condemned. The original bill described the property as follows:

"Lot 1 in block 844, according to the map and plat of the Bessemer Coal, Iron & Land Company, as recorded in the office of the probate judge of Jefferson county, Alabama."

And it further described the property as owned by the defendant, and that he, "on, to wit, October 3, 1923, had thereon a one-story house, or dwelling house, and that the said premises, with the improvements thereon, were in the possession of and occupied by the said respondent, and that the said respondent occupied and possessed said premises for a long time prior to October 3, 1923," and it averred "that the above-described premises are also within the jurisdiction of this court." This description of the lot is sufficient for it to be located and identified, and this ground of demurrer was properly overruled by the court. Acts 1919, p. 12, § 12; Johnson v. State, 205 Ala. 294, 87 South. 815; House and Lot v. State, 204 Ala. 108, 85 South. 382, 10 A. L. R. 1589.

[3] The complainant amended the bill by striking out these words, "Bessemer Coal, Iron & Land Company," where they appear therein, and by inserting in lieu thereof these words, "Bessemer Land & Improvement Company's survey of the city of Bessemer." The appellant insists that this amendment worked a departure in the amended bill from the original bill as to the property to be condemned, and that the ground of demurrer pointing it out should have been sustained. This amendment did not change the property sought to be condemned by the original bill. This amendment simply makes more accurate the description of it. The original and amended bill seek to condemn the same property, lot 1 in block 844, "with a one-story house or dwelling house thereon," owned, in possession of, and occupied by the defendant on October 3, 1923, and which the defendant possessed and occupied for a long time prior to October 3, 1923. The amendment simply showed this lot appears in map or plat of the Bessemer Land & Improvement Company's survey of the city of Bessemer," as is recorded in the office of the judge of probate of Jefferson county, Alabama, and not in map or plat of Bessemer Coal, Iron & Land Company  The court did not err in overruling this ground of demurrer assigned to the bill as amended. Buchanan v. Larkin, 116 Ala. 431, 22 South. 543, and authorities supra.

[4] Did the court err in its final decree by granting relief to complainant by condemning the property, ordering it sold, and the proceeds of sale divided as the statute directs? The cause was tried on oral proof before the court. The testimony appears in the transcript in form of a bill of exceptions.

This decree was rendered January 19, 1924. The bill of exceptions was presented March 13, 1924, and was signed by the judge on March 24, 1924. There is no note of testimony in the record, as rule 75, p. 1551, Code 1907, requires. Neither the complainant nor the defendant had the register to make a note of testimony, as this rule 75 requires. This rule applies to all cases tried in the circuit court in equity. The observance of it has been held to be exacting and mandatory. Neither the trial court nor this court on appeal can consider the testimony, when there is no note of testimony in the record, as this rule prescribes. When the trial court renders and enters a decree granting complainant relief, without a note of testimony as required by rule 75, the decree will be reversed by this court on appeal, as there was no testimony properly before either court to sustain the decree. Crews v. State, 206 Ala. 101, 89 South 205; Lunday v. Jones, 204 Ala. 326, 85 South. 411; Brassell v. Brassell, 205 Ala. 201, 87 South. 347; Hymes v. State, 209 Ala. 91, 95 South. 383.

[5] But should the trial court render and enter a decree denying complainant relief and dismissing the cause without a note of testimony as required by this rule, then this court on appeal will affirm the decree, as there was no testimony properly before the court, and it was the only kind of decree that could be rendered by the trial court under the record and rule. Watson v. Kirkland, 204 Ala. 655, 87 South. 93; Saxon v. Parson, 206 Ala 491, 90 South. 904; Winfield Lbr. Co. v. Southern Mfg. Co., 209 Ala. 614, 96 South. 756.

It therefore results that this decree must be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.