## Rickmam, et al. v. Commonwealth.

(Decided October 14, 1924.)

## Appeal from McCracken Circuit Court.

1. Intoxicating Liquors—Allegation of Permitting Use of Premises for Forbidden Purposes Held Merely Conclusion of Law.—Allegation by Commonwealth, in proceeding to forfeit land, that defendant was guilty "of knowingly and intentionally renting, hiring, letting, leasing, permitting the use of and using" land for purpose of unlawful manufacture, sale, and transportation of intoxicating liquors was simply allegation of conclusion of law, and was insufficient, facts being necessary, under Acts 1922, c. 33, section 13.

2. Intoxicating Liquors—Facts should be Stated with Particularity in Proceeding to Forfeit Land.—Petition to forfeit land leased or used for purpose of manufacture, sale, or transportation of intoxicating liquors should allege facts with sufficient particularity to know what he is to answer, and allegation that defendant permitted still and equipment to be placed on land and used thereon by others is too indefinite, under Acts 1922, c. 33, section 13.

3. Intoxicating Liquors—All Acts of Defendant Giving Cause of Action to Forfeit Land may be Stated in One Paragraph.—All acts of defendant giving a cause of action for forfeiture of land, under Acts 1922, c. 33, section 13, though done at different times, may be stated in one paragraph, though, when separate causes are set up, each should be stated in separate paragraph.

4. Jury—Act Respecting Forfeiture of Land Let or Used for Manufacure or Sale of Intoxicating Liquors Held Not Invalid.—Acts 1922, c. 33, section 13, regarding forfeiture of land and personal property used in manufacture, sale, or transportation of intoxicating liquors, is not unconstitutional in that it deprives defendant of right of jury trial.

5. Intoxicating Liquors—Proceedings for Forfeiture Governed by Ordinary Rules Applicable in Civil Action.—Proceedings for forfeiture of property, under Acts 1922, c. 33, section 13, are governed by ordinary rules applicable in civil actions.

6. Intoxicating Liquors—Plea of Not Guilty Not Sufficient Answer in Proceeding to Forfeit Property.—Simple plea of not guilty was not sufficient answer, and demurrer was properly sustained, in proceeding under Acts 1922, c. 33, section 13, to forfeit property let or used for manufacture, sale, or transportation of intoxicating liquor.

7. Intoxicating Liquors—Proceeding to Forfeit Property Civil Proceeding or Action in Rem.—Proceeding, under Acts 1922, c. 33, section 13, to forfeit property, is simply civil proceeding or action in rem, and is to be tried just like any other action in equity to enjoin or abate a nuisance.

8. Intoxicating Liquors—Power of State to Forfeit and Sell Property Incident of Police Power.—Power of state to forfeit and sell property used in manufacture, sale, or transportation of intoxicating liquors is incident of its police power, but state cannot provide that all property a man has, though not connected with nuisance, should be forfeited to state, in view of Constitution, section 2.

9. Intoxicating Liquors—Whole Farm Not Forfeited for Manufacture on Part Thereof—Part to be Forfeited should be Designated.—A whole farm of 155 acres should not be forfeited, under Acts 1922, c. 33, section 13, because intoxicating liquor is manufactured on a part thereof, and such part should be designated by sufficient discription in petition.

REED & BURNS for appellants.

C. C. GRASSHAM and J. B. ALLENSWORTH for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Reversing

Section 13 of the Kentucky act prohibiting the manufacture, sale and transportation of intoxicating liquors is in these words:

"Any person, firm or corporation, knowingly or intentionally renting, hiring, letting or lending or leasing or permitting the use of, or using any building, house, structure, or premises, farm or part thereof, real estate or part thereof, or any boat or other water craft or air craft, or any car, truck, wagon or team, automobile or propelling the same for the purpose of the unlawful manufacture, sale or transportation of intoxicating liquors, to another or others, shall be considered guilty of a nuisance and of a violation of this act, and any property so used in violation of this act shall become forfeited to the Commonwealth of Kentucky. Any Commonwealth's attorney, county attorney, mayor of a city or town, or any private citizen, may maintain an action in equity in the name of the Commonwealth of Kentucky upon relation of said officers or citizens against the owner to forfeit such property, and in such action evidence of the general reputation of the place or property and of defendant shall be admissible. Upon a judgment of forfeiture, the court shall direct the sheriff to sell the property. If personal property the sheriff shall sell same for cash at public auction, and if real estate, he shall sell same on a credit of six

and twelve months, taking bonds therefor with good and sufficient personal security and in addition retaining a lien on the land or real estate to secure payment of said bonds; but before selling either personal property or real estate the sheriff shall advertise same as in sales under execution.

"The sheriff for making said sales shall receive the same fees as allowed for sales under execution.

"The sheriff shall pay first out of the purchase money any valid *bona fide* recorded liens on the said property so sold and the court shall have power, in its discretion, to order a sale subject to said liens.

"If the complaint herein is filed by a citizen it shall not be dismissed except upon a sworn statement made by a complainant and his attorney, setting forth the reasons why same should be dismissed and the dismissal approved in writing by the Commonwealth or county attorney in open court. If the complaint be filed by a private citizen and a sale ordered said citizen shall receive 10 per cent of the net proceeds of sale of any property under any judgment of forfeiture to be ordered paid in the judgment of the court, and the sheriff shall pay the same to said citizen out of proceeds of sale, after deducting costs and all valid liens.

"No liens on any property so sold shall be paid unless same is recorded prior to the committing of said nuisance, unless lienor can establish he had no knowledge of said nuisance, and the burden shall be upon the lienor to establish same.

"The sheriff, after payments of liens, costs and fees, shall pay the balance of proceeds of sale to the trustee of the jury fund, who shall report same as in all other fines and forfeitures. The forfeiture herein provided for shall extend to the whole of the farm, premises, building or structure owned by defendant or to such thereof as he has an interest in, including all land and buildings in one boundary, and shall not be construed to mean a part thereof." See Acts 1922, p. 114.

This proceeding was filed September 12, 1922, under the statute against J. M. Rickman and wife.

It was alleged in the petition that the defendant, J. M. Rickman, was the owner of the tract of land described in the petition, containing one hundred and fifty-five

acres; that he was guilty of the offense of knowingly and intentionally renting, leasing and permitting the use of the property for the purpose of the unlawful manufacture, sale and transportation of intoxicating liquors and had thus created a nuisance on the property. It was also alleged that he was guilty of the offense of permitting a still and its equipment and apparatus for the manufacture of intoxicating liquors to be placed and used thereon contrary to the statute. Judgment was prayed forfeiting the property to the Commonwealth. The defendants demurred to the petition; their demurrer was overruled. They then filed written motion to require the plaintiff to elect which of the several causes of action set up in the petition it would prosecute. The motion was overruled. They then moved the court to require the plaintiffs to paragraph the petition, and this was overruled. They then moved the court to require the plaintiffs to make the petition more specific and state the names of the person or persons to whom defendant had rented, leased or permitted the use of the land. This motion was overruled. The defendant, J. M. Rickman, then filed an answer, which was in these words:

> "The defendant, J. M. Rickman, for his answer to plaintiffs' petition, comes and pleads that he is not guilty of the charges made against him in said petition and denies each and all of the allegations therein made."

The court sustained the plaintiffs' demurrer to the answer, and defendant declining to plead further, the court entered judgment forfeiting the property to the Commonwealth and directing the sheriff of the county to sell it at public sale. To all of this the defendants excepted and appeal.

The allegation that the defendant, J. M. Rickman, is guilty of the offense "of knowingly and intentionally renting, hiring, letting, leasing, permitting the use of and using" the land for the purpose of the unlawful manufacture, sale and transportation of intoxicating liquors is simply an allegation of a conclusion of law. The allegation that the defendant was guilty of the offense named is not an allegation that he knowingly and intentionally rented or leased or used the property for the purpose of the unlawful manufacture, sale or transportation of intoxicating liquors. The acts that the defendant did should have been alleged and from these facts the conclus-

ion may or may not follow that he was guilty of the offense charged. The petition should allege the acts done by the defendant. The facts should be stated with sufficient particularity to enable a person of ordinary understanding to know what he is to answer. The allegation that he permitted a still and its equipment to be placed on the land and used thereon by others is too indefinite. Either the names of the parties so permitted to use the property or, if their names are unknown, the acts done by them should be alleged with sufficient particularity to apprise the defendant of what is charged against him. The demurrer to the petition and motion to make it more specific should have been sustained for the reason indicated.

We do not find any allegation in the petition that Mrs. Rickman did any of the acts complained of. The demurrer to the petition should have been sustained as to her.

The petition states but one cause of action. All the acts of the defendant giving this cause of action may be stated in one paragraph. When separate causes of action are set up, each should be stated in a separate paragraph. But this rule has no application to a single cause of action, though based on acts done at different times. The motion to paragraph the petition was properly overruled.

The statute is not unconstitutional in that it deprives the defendant of the right of jury trial. Such statutes are very common and have been universally sustained. See State v. Marshall, 31 Ann. Cases 434, and notes; State v. Ryder, 5 A. L. R. 1449; People v. Marquis, 8 A. L. R. 874, and notes; House and Lot v. State, 10 A. L. R. 1589.

"The proceedings are governed by the ordinary rules applicable to civil actions." 33 C. J. 687, sec. 392. The court, therefore, properly sustained the plaintiffs' demurrer to the defendants' answer, which was merely a plea of not guilty. The rules of pleading in other civil cases apply, for this is simply a civil proceeding or an action *in rem* and is to be tried just like any other action in equity to enjoin or abate a nuisance. No constitutional right of the defendant is violated. A similar statute of the United States providing for the forfeiture "of the distillery, distilling apparatus and the lot or tract of land on which it stands" has been upheld in many cases. See notes, 10 A. L. R. 1591-2.

The power of the state to forfeit and sell the property is an incident of its police power. Under its police power it may abate nuisances and may take such steps as are necessary to this end. It may do this by either a civil or a criminal proceeding, but the power only extends to what is reasonably necessary to abate the nuisance. Under this power the state could not provide that all the property a man has, though in nowise connected with the nuisance, should be forfeited to the state. To illustrate, if a man owned a farm in one county and established a distillery on a farm he owned in another county and in nowise connected with the other tract, clearly both tracts could not be forfeited to the state because a distillery was established upon one of them. For by section 2 of the Constitution, absolute and arbitrary power over the lives, liberty and property of freemen exists nowhere in a republic.

It will be observed that the statute first speaks of real estate or part thereof and provides for the forfeiture of any property so used in violation of the act, but in the concluding clause it provides that the forfeiture therein provided for shall extend to the whole farm, premises, building or structure owned by the defendant. The court, after considering in full bench carefully the question, has reached the conclusion that to forfeit a whole farm of 155 acres when on any part of the farm a still has been set up, or an apparatus used, for the unlawful manufacture, sale or transportation of intoxicating liquors, would be to carry the police power further than necessary to abate the nuisance and that only that part of the premises which is so used should be forfeited. In the case of a farm of 155 acres, the part so used should be designated by a sufficient description in the petition that it may be identified, unless it is alleged that the whole farm was so used. In House and Lot v. State, 204 Ala. 108, 10 A. L. R. 1589, which was followed in Johnson v. State, 205 Ala. 294, a house and lot was forfeited, but to carry this rule to a whole farm of 155 acres is, in the judgment of the court, to exceed the proper limits of the police power.

Judgment reversed and cause remanded for further proceedings consistent herewith, Chief Justice Sampson dissenting.

DISSENTING OPINION BY CHIEF JUSTICE SAMPSON.

I dissent from so much of the majority opinion as holds that forfeitures under the bone-dry act of 1922 do not extend to the whole farm, like the one of 155 acres in this case, upon the grounds that this would extend the police power further than necessary to abate a nuisance; and further that only that part of the premises which is used for the unlawful purpose should be forfeited. I concur in the majority opinion to the extent that it holds the forfeiture act valid. The terms of the act are so plain and understandable with respect to the property to be forfeited, in case of conviction, that it seems impossible to give the act any effect without giving it its full effect. It can not be misunderstood. How can the court say that the act does not mean what it says? It provides that "any person, firm or corporation knowingly or intentionally renting . . . or permitting the use of, or using any building, house, structure or premises, farm or part thereof, real estate or part thereof, . . . for the purpose of the unlawful manufacture, sale or transportation of intoxicating liquors, . . . shall be guilty of a nuisance and of a violation of this act, and any property so used in violation of this act shall become forfeited to the Commonwealth of Kentucky." The act then provides that an attorney for the Commonwealth or county attorney and certain other named officers, "or any private citizen may maintain an action in equity in the name of the Commonwealth of Kentucky, upon relation of said officers or citizens against the owner to forfeit such property," adding: "Upon a judgment of forfeiture the court shall direct the sheriff to sell the property." The act then says: "The forfeitures herein provided for shall extend to the *whole of the farm, premises, buildings or structure* owned by defendant or to such thereof as he has an interest in, including *all land and buildings in one boundary, and shall not be construed to mean a part thereof.*"

After providing that the whole farm shall be forfeited the act, to make it doubly certain, provides that forfeitures herein shall extend to the whole of the farm, including all land and buildings in one boundary, and *shall not be construed to mean a part thereof.* Had each member of the House of Representatives and the whole body of the Senate attempted to make it more

definite and certain that the whole of a farm was to be sold in case of forfeiture and not a part thereof, more apt words could not have been employed than those copied above. The General Assembly in passing the act certainly intended, as all men must agree, that the whole of a farm used in part for the manufacture of intoxicating liquors should be forfeited if any part thereof was forfeited.

Whether such an act should be passed addressed itself to the legislative will. With that the courts have nothing to do. Instead of providing that the whole of the farm should be forfeited the legislature might have provided for the forfeiture of only that part of the farm employed in the unlawful business, but it did not do this. It specifically provided for the forfeiture of the entire farm. Of course, if a man had two farms or two boundaries of land and employed only one of them in the manufacture of intoxicating liquors in violation of law it would seem that only the one so actually employed would be subjected to forfeiture, but where he has one boundary of 155 acres and deliberately places a moonshine still on it and engages in the manufacture of intoxicating liquors in violation of law, he takes the chance of having the whole property forfeited. Suppose the still was placed in the center of the farm and only occupied a space ten feet square, would it be contended that the plot ten feet square alone could be forfeited? Necessarily there must be roads and paths to the distillery. These roads and pathways are employed in carrying on the unlawful business. The distillery must, moreover, have fuel, either coal or wood. He must have space to store it. If he takes the fuel from the premises he is employing such premises in the conduct of the business. I apprehend that there will be great difficulty under the rule laid down in the majority opinion in determining with exactness how much of a given farm on which an illicit still is found shall be subject to forfeiture.

Aside from the foregoing, appellant Rickman in this cause was, I apprehend, employing his farm as a single unit. He had not separated or divided it. When he listed it for taxation it was as one item. His deed covered it as a single item. To all intents and purposes it was a single unit of property, so held and used by him. Having thus employed the premises as a single unit, as a farm, he is in no position to complain that the Commonwealth, when it goes to sue for forfeiture, shall treat it

in the same manner in which he treated it, and ask a forfeiture as a whole.

If the state of Kentucky, through its law-making body, has a right to declare that the lands of one who erects a nuisance thereon in the form of a moonshine still, shall be forfeited at the suit of the Commonwealth, or some one on relation, may it not say with equal force and effect how much land may be so forfeited? Shall the court be permitted to say that the forfeiture would work too great a hardship? That is a matter of public policy which addresses itself to the legislative branch of the government. It is a matter within legislative discretion. Suppose one should build a ten-story structure on a lot and should employ only one story of the building in the manufacture of whiskey in violation of law, could it be urged that only one story of the building could be forfeited? Would anybody argue that the hardship would be too great to forfeit the whole building because it was of so great value? Just because one has broad acres and many of them is no reason why his whole property which he devotes to the manufacture of whiskey in violation of law should not be forfeited just as the single and only acre of the poor offender proceeded against in like manner is forfeited? To take the poor man's last acre is as severe a stroke to him as to take the rich man's ranch of many acres.

I think the court invaded a legislative province when it struck from the legislative act the whole of the clause declaring that forfeitures shall extend to the *whole of a farm, including all the land in one boundary,* and shall not be *construed to mean a part thereof.* There is as much reason and authority for striking out any other part of the act as there is for taking this very material part from its provisions. I know of no rule of interpretation of statutes that allows such emasculation—radical alteration.

Courts all over this country have sustained similar provisions upon good reason. The Supreme Court of the United States is in accord. Comp. Stat. No. 6021 (Rev. Stat. No. 3281) and cases noted in the annotation, 4 Fed. Stat. Anno. 2d ed., p. 41; Dobbins' Distillery v. United States, 96 U. S. 395, 24 L. Ed. 637. See notes 8 A. L. R. 888. The majority opinion recognizes the power of the state to forfeit lands used for unlawful purposes but attempts to ameliorate the provisions of the statutes by limiting the area to be taken. As well deny the power of

the General Assembly to enact laws forfeiting the first square inch of ground as to arbitrarily say it has no power to provide for the forfeiture of the last square inch in a given area. If it has power to do one—and it has—it has equal power to do the other.

For the foregoing and other reasons I must withhold my assent to so much of the majority opinion as relates to the extent of the forfeiture. I respectfully dissent from so much of that opinion as holds that the statute is invalid to the extent that it provides for the forfeiture of the entire premises in a case like this.