## Elkhorn City Land Company v. Big Sandy Company.

(Decided October 14, 1924.)

### Appeal from Pike Circuit Court.

1. Corporations—When Sale of Property Dissolves Virginia Corporation.—Under Va. Code, 1887, section 1233, it is only when sale and conveyance under deed of trust executed by company passes to purchaser all property of company that such conveyance works dissolution of company, and hence, if such conveyance was de-

fective, the company was not dissolved and had power to execute subsequent deed to one claiming under such sale.

2.  Vendor and Purchaser—Subsequent Purchaser Charged with Notice of Deed of Record Conveying Entire Interest in Minerals if Railroad Not Built.—Purchaser must take notice of prior recorded deed conveying not only an undivided half interest in coal and minerals, but also other half in event certain railroad was not built in specified time, and, railroad not having been built within time specified, he acquired no title as against first grantee.

STRATTON & STEPHENSON for appellant.

J. J. MOORE for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

The Big Sandy Company brought this suit against the Elkhorn City Land Company to quiet its title to the coal and other minerals in an 81½ acre tract of land in Pike county. The defendant denied plaintiff's title, and pleaded title in itself. On final hearing plaintiff was adjudged to be the owner of the property, and defendant has appealed.

Both parties claim through Noah and Hulda Potter. The appellee's chain of title is as follows:

1.  Deed from Noah and Hulda Potter to Virginia Mining & Improvement Company, dated December 8, 1887, conveying an undivided one-half interest in the coal and other minerals in the land in controversy, and also containing the following clause:

> "The said Potter having heretofore conveyed to John Carlisle and Jay H. Northup, assigns, etc., the undivided one-half of the coal and other minerals, salt water, oil, gases, etc., in the above described land for and in consideration of the advantages resulting to him in the construction of a railroad in a south direction from or near Richardson, Kentucky, to or near mouth of Elkhorn on or before the first day of October, 1889. Now, in the event said railroad is not built to or near Elkhorn within said time, I hereby sell, grant and convey unto the said Virginia Mining and Improvement Company the said undivided one-half of said coal and other minerals, salt water, oils, gases, etc., in, upon or under said lands aforesaid, for and in consideration of 75 cents per acre payable at said date. A lien is herein retained for said purchase money, the said tract containing 81½ acres or more." (R., 10-12.)

The railroad was not built within the time fixed in the conveyance from the Potters to Carlisle and Northup, and their rights in the land were forfeited.

2. Deed from Noah Potter and Hulda Potter to the Virginia Mining and Improvement Company, dated August 7, 1890, conveying all the coal and other minerals in the tract of land described in the deed of December 8, 1887, and containing the following clause:

"The said Potter and wife on the 8th day of December, 1887, conveyed the other one-half of the coal and other minerals in this tract of land to the said Virginia Mining & Improvement Company. The lien retained in said deed for this half is now paid and lien released by the execution of this deed."

3. Deed from the Virginia Mining and Improvement Company to the Boston Safe Deposit and Trust Company, trustee, dated January 25, 1888, and conveying an undivided one-half interest in the coal and minerals.

4. Deed from Boston Safe Deposit and Trust Company, trustee, to Charles E. Hellier, dated July 27, 1894, and executed pursuant to a deed of trust from the Virginia Mining and Improvement Company, to the Boston Safe Deposit and Trust Company, made to secure the payment of 300 bonds for $1,000.00 each, with power to the trustee to sell and convey the property either at private or public sale.

5. Deed from Charles F. Hellier and wife to appellee, dated November 29, 1911, and conveying all their right, title and interest in the property.

6. Deed from the Virginia Mining and Improvement Company, dated December 4, 1911, and conveying to Charles F. Hellier all its right, title and interest of every kind in the land.

7. Deed from Charles F. Hellier and wife to appellee, dated December 6, 1911, and conveying all right and title in the property, which may have vested in Charles E. Hellier, by virtue of the deed, dated December 4, 1911, from the Virginia Mining and Improvement Company.

Appellant's chain of title is as follows:

1. Deed from Noah and Hulda Potter to W. M. Polley, et al., dated April 10, 1890. The deed purports

to have been acknowledged by James Swinney and Melinda Swinney, and though placed of record, the certificate of the clerk does not show that it was acknowledged by the grantors or proved according to law.

2. Deed from W. M. Polley, et al., to Elkhorn Land Improvement Company, dated October 24, 1890.

3. Deed from Elkhorn Land Improvement Company to Elkhorn City Land Company, dated May 8, 1916.

Section 2356, Kentucky Statutes, is as follows:

> "No sale made of any real estate by trustee, by virtue of a deed of trust, or pledged to secure the payment of debts, shall be valid, nor shall the conveyance by such trustee pass the title of the property specified in such deed or pledge, unless the sale thereof shall be in pursuance to a judgment of court, or shall be made by an assignee under a voluntary deed of assignment, or the maker of such deed or pledge shall join in a writing evidencing the sale."

It appears that the Virginia Mining and Improvement Company, which executed the deed of trust to the Boston Safe Deposit and Trust Company, signed and acknowledged the deed by which the trustee conveyed the property to Charles F. Hellier, but that its name appears only in the testimonium, and not in the caption or body of the deed. It is therefore insisted that no title passed by the deed, because the Virginia Mining and Improvement Company, the maker of the deed of trust, did not "join in a writing evidencing the sale" as required by the statute.

The further contention is made that the sale by the trustee operated under the Virginia statute to dissolve the Virginia Mining and Improvement Company, a Virginia corporation, and that it was without power to execute the deed of December 4, 1911, by which it conveyed all its right, title and interest of every kind in the property to Charles F. Hellier. The statute relied on is section 1233, Virginia Code, 1894, which is as follows:

> "If a sale be made under a deed of trust or mortgage executed by a company on all its works and property, and there be a conveyance pursuant thereto, such sale and conveyance shall pass to the purchaser at the sale not only the works and property of the company as they were at the time of making the deed of trust or mortgage, but any works

which the company after that time and before the sale have constructed and all other property of which it may be possessed at the time of the sale, other than debts due it. Upon such conveyance to the purchaser, the said company shall *ipso facto* be dissolved and the purchaser shall forthwith be a corporation, by any name which may be set forth in said conveyance or in any writing signed by him and recorded in the court in which the conveyance shall be recorded.''

For the purposes of this case it is unnecessary to decide whether the Virginia Mining and Improvement Company was divested of title to the property by the deed of July 27, 1894. As we construe the Virginia statute it is only when the sale and conveyance under a deed of trust, executed by a company, pass to the purchaser all the property of the company, that such conveyance works a dissolution of the company. There, if the deed of July 27, 1894, was defective, then the title of the Virginia Mining and Improvement Company did not pass to the purchaser, and it can not be said that the conveyance worked a dissolution under the Virginia statute, and the company had the power to execute the subsequent deed of December 4, 1911. On the other hand, if the deed was sufficient to pass the company's title then the second deed was unnecessary, and whether or not the company had the power to execute the latter deed is wholly immaterial.

As the deed from Noah Potter and Hulda Potter to the Virginia Mining and Improvement Company, dated December 8, 1887, not only conveyed an undivided one-half interest in the coal and minerals, but also sold and conveyed the other half in the event a certain railroad was not built within a specified time, and this deed was of record at the time the Potters attempted to convey to W. M. Polley, et al., it necessarily follows that the grantees in the latter deed purchased with notice of, and subject to, the rights of the Virginia Mining and Improvement Company, and acquired no title as against that company.

Judgment affirmed.