## Froedge et al. v. Commonwealth ex rel. Pursley.

Jan. 20, 1942.

W. E. Jones and V. H. Jones for appellants.

M. O. Scott and Brent Dickinson, Jr., for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

This is an appeal from a judgment of the Barren circuit court forfeiting to the Commonwealth five acres of land with the buildings thereon. The suit was brought by Elmer Pursley, a private citizen, pursuant to Section 2554c-24, Kentucky Statutes, which provides:

> "Any person knowingly or intentionally renting, hiring, letting, lending, leasing or permitting the use of, or using, any building, house, structure or premises, or part thereof, or any automobile or other vehicle or the animal used in hauling the same, for the purpose of unlawfully selling or transporting or possessing intoxicating liquors, shall be considered guilty of a nuisance and of a violation of this Act. Any property so used shall become forfeited to the Commonwealth of Kentucky. Any Commonwealth's attorney, county attorney, mayor of a city or town, or any private citizen may maintain an action in equity in the name of the Commonwealth of Kentucky upon relation of said officers or citizens against the owner to forfeit such property."

The Act further provides that upon a judgment of forfeiture the court shall direct the sheriff to sell the property, and if the complaint is filed by a private citizen such citizen shall receive 10 per cent. of the net proceeds of the sale.

In his petition the plaintiff alleged that Barren county was local option territory, and that intoxicating liquors had been sold, kept, and stored by Joe Royce, Orville Matthews, and Leonard Davis on premises owned by Orbin Froedge, and that said Royce, Matthews, and Davis were engaged in the business of storing, selling, and keeping in possession on the premises thereinafter described intoxicating liquors with the knowledge, acquiescence, and consent of the owner, Orbin Froedge. Royce, Matthews, Davis, and Froedge were named defendants. The petition described the property as follows:

> "A certain road side store together with the out building adjacent thereto situated on some two or more acres of land adjacent thereto, located on the north side of the Burkesville road about 6½ miles east of Glasgow and commonly known as 'Royce's Place' and being the same property formerly known as 'Froedge's Place' and as 'Walter Page's' place

on the Burkesville road and being the same property sold to Orbin Froedge by Walter Page by deed dated —day of ———, 19—, and recorded in the office of the Clerk of the Barren County Court in Deed Book 103 at Page 443   *   *   *."

The prayer of the petition was for an order adjudging the property to be forfeited to the Commonwealth and directing the sheriff to sell it, and also for an injunction restraining the defendants, or any of them, from selling, storing, possessing, or otherwise handling intoxicating liquors on said premises. The defendants filed an answer in two paragraphs. The first paragraph was a traverse, and in the second paragraph it was averred that Orbin Froedge leased the premises to Joe Royce for a period of twelve months for the purpose of conducting a grocery business in the building, and that Joe Royce did, by himself and employees, occupy and use the building for a grocery store and lunch stand and used same for no other purpose. Orbin Froedge, for his separate answer, averred that if intoxicating liquors were sold or stored on said premises same was done without his knowledge or consent. Proof was heard orally by the chancellor, and on submission of the case he found that intoxicating liquors were kept, stored, and sold on the premises with the knowledge, acquiescence, and consent of the owner, Orbin Froedge, and he adjudged that the property be forfeited to the Commonwealth and the sheriff was directed to sell it. The property forfeited was described in the judgment in two tracts. Tract No. 1, containing two acres, was described by metes and bounds. Tract No. 2, containing three acres more or less, was also described by metes and bounds. From these descriptions it cannot be determined whether or not the two tracts adjoin nor does it appear upon which tract the store leased to Royce is located. The record discloses that Orbin Froedge, the owner of the property, is married, but his wife was not made a party to the action. The record contains no transcript of the evidence, but appellants concede that the proof was sufficient to sustain the chancellor's finding that intoxicating liquors had been sold on the premises.

A reversal of the judgment is sought on three grounds: (1) Pursley, who brought the suit in the name of the Commonwealth, had a pecuniary interest; (2) the wife of Orbin Froedge was not made a party to the suit;

and (3) only that part of land where nuisance existed should have been ordered sold.

In support of ground No. 1 appellants invoke the rule announced in Tumey v. Ohio, 273 U. S. 510, 47 S. Ct. 437, 71 L. Ed. 749, 50 A. L. R. 1243, and followed by this court in Wagers v. Sizemore, 222 Ky. 306, 300 S. W. 918, and other cases, that the trial of a defendant in a criminal prosecution before a judge who is interested in convicting him to the extent that a fee would be taxed as costs for the benefit of the judge in the event of a conviction would deny the accused a trial by due process of law as guaranteed to him under the Fourteenth Amendment to the Constitution of the United States. In the Tumey case [273 U. S. 510, 47 S. Ct. 441, 71 L. Ed. 749, 50 A. L. R. 1243] it was said:

> "It certainly violates the Fourteenth Amendment and deprives a defendant in a criminal case of due process of law to subject his liberty or property to the judgment of a court, the judge of which has a direct, personal, substantial pecuniary interest in reaching a conclusion against him in his case."

The reasoning in support of the decisions in the Tumey case and the cases following it in this jurisdiction has no application to the case before us. The plaintiff, a private citizen, receives a part of the proceeds of sale of the forfeited property, but he has no voice in the decision of the case. The fact that he has a pecuniary interest in the result does not affect the decision and deprives the defendant of no constitutional right. The trial is by an impartial tribunal. The constitutionality of forfeiture statutes similar to the one under which this proceeding was brought is generally recognized. Rickman v. Commonwealth, 204 Ky. 848, 265 S. W. 452; Annotation in 10 A. L. R. 1591.

The second ground relied upon by appellants is likewise without merit. Mrs. Froedge has only an inchoate right of dower in the property, and her right will not be affected by a sale of her husband's interest in the property. The purchaser takes the property subject to her right, and Froedge cannot complain since all of his interest was subject to forfeiture in any event.

Ground No. 3 must be sustained. The statute does not contemplate the forfeiture of property not used for unlawful purposes condemned by it, although it provides

that the forfeiture "shall extend to the whole of the premises, building or structure owned by the defendant, or to his interest in said property, including all land and buildings in one boundary, and shall not be construed to mean a part thereof." While proof heard orally by the chancellor is not before us, a number of affidavits filed with the petition are in the record and it is agreed that the proof heard by the court follows substantially the facts stated in these affidavits. There is no showing that any unlawful acts were committed outside of the building referred to in the petition and affidavits as a "roadside store" or "roadhouse" or that any part of the property ordered sold was used for the unlawful sale or storage of intoxicating liquors except the building. Nor does it appear that the lessee, who is charged with making the unlawful sales with the knowledge and consent of the owner, had control of any part of the premises except the building. As heretofore pointed out, the description in the judgment of the property forfeited does not conform to the description in the petition. In Rickman v. Commonwealth, supra, the court had before it for construction a statute similar to the present statute on the subject. In the course of the opinion it was said [204 Ky. 848, 265 S. W. 454]:

"The power of the state to forfeit and sell the property is an incident of its police power. Under its police power it may abate nuisance and may take such steps as are necessary to this end. It may do this by either a civil or a criminal proceeding, but the power only extends to what is reasonably necessary to abate the nuisance. Under this power the state could not provide that all the property a man has, though in no wise connected with the nuisance, should be forfeited to the state."

And further:

"It will be observed that the statute first speaks of real estate or part thereof, and provides for the forfeiture of any property so used in violation of the act, but in the concluding clause it provides that the forfeiture therein provided for shall extend to the whole farm, premises, building, or structure owned by the defendant. The court, after considering, in full bench, carefully the question, had reached the conclusion that to forfeit a whole farm of 155 acres when on any part of the farm a still had been set up,

or an apparatus used, for the unlawful manufacture, sale, or transportation of intoxicating liquors, would be to carry the police power further than necessary to abate the nuisance, and that only that part of the premises which is so used should be forfeited."

We conclude that the court erred in forfeiting the two tracts of land described in the judgment, and the judgment accordingly is reversed, for proceedings consistent herewith.