## Beavin v. Commonwealth ex rel. Whitworth, Commonwealth's Attorney.

November 16, 1948.

S. H. Monarch and Claude E. Smith for appellant.

M. T. Whitworth and P. M. Basham for appellee.

A. E. Funk, Attorney General, and W. Owen Keller, Assistant Attorney General, amici curiae.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming modified judgment.

The appellant, Austin Beavin, is appealing from a judgment declaring the forfeiture of a lot owned by him in Cloverport on which are located two buildings. The forfeiture was directed under KRS 242.310. This section reads as follows:

"(1) Any person knowingly or intentionally renting or permitting the use of, or using, any premises, or part thereof, or any vehicle for the purpose of unlawfully selling or transporting or possessing intoxicating liquors in dry territory, shall be guilty of a nuisance and of a violation of this chapter.

"(2) Any property so used shall be forfeited to the state. The forfeiture shall extend' to the whole of the premises or vehicle owned by the defendant, or to his interest in said property, including all land and buildings in one boundary."

Reversal of the judgment is urged principally on the grounds that (1) the only evidence of an actual violation of the local option law was obtained by an illegal search and seizure; and (2) if any forfeiture was in order it should have been restricted to the front building and the part of the lot on which it is located.

Evidence was introduced showing that Beavin had pleaded guilty to having liquor unlawfully in his posses-

sion on the premises here involved, and was sentenced to jail for 30 days and fined $50.00. No appeal was taken from that judgment. Since it is insisted that the penal judgment was void because of an allegedly illegal search, we shall mention briefly the circumstances relating thereto. The sheriff of Breckinridge County and three other peace officers entered Beavin's store allegedly under the authority of a search warrant. They said they saw Beavin standing behind the counter with a bottle in each hand; and that he ran, pouring out the contents of the bottles as he ran, but was overtaken before he fully accomplished his purpose. One bottle contained a quantity of moonshine whiskey. A subsequent search of the premises revealed a number of bottles containing some whiskey, although none of them appeared to have been full. Upon the trial of this action Beavin asked that the search warrant be produced, but the Commonwealth could not do so. Both sides have briefed ably the case as to whether the search and seizure were illegal. It is the contention of the appellee that the officers had a right to arrest Beavin because a public offense was committed in their presence. On the other hand, Beavin contends that, since the officers were not able to produce the search warrant under which they entered his premises, their entry and their subsequent actions were illegal. The question is an interesting one, but we deem it unnecessary to discuss it for reasons hereinafter set forth.

It is undisputed that Beavin pleaded guilty to a charge of violating the local option law by having liquor unlawfully in his possession, and that he satisfied fully the judgment of conviction. That judgment still stands and no attempt was ever made to have it set aside. Under the circumstances we think our ruling in the case of Wolff v. Employers Fire Ins. Co., 282 Ky. 824, 140 S. W. 2d 640, 130 A. L. R. 682, is applicable here. In that case it was said that evidence of a conviction in a criminal prosecution is competent though not conclusive in a subsequent civil action. That rule was followed in Moore v. Commonwealth, 293 Ky. 55, 168 S. W. 2d 342. The Moore case arose under the forfeiture statute here involved.

There was other evidence showing Beavin's guilt. One witness testified that she had bought whiskey from

him on numerous occasions for several years. This witness, along with several others, including two ministers, the mayor, and a former mayor of Cloverport testified that Beavin's reputation and that of his business for illicit trade in intoxicating liquor was bad. This evidence was admissible under KRS 242.320. In Schneider v. Commonwealth, 232 Ky. 199, 22 S. W. 2d 587, it was said that evidence relating to a single illicit sale of liquor, with attendant circumstances, was sufficient to constitute a nuisance as meant by Ky. Statutes, section 2554c-24, now KRS 242.310. Under the circumstances we think the evidence amply supports the chancellor's judgment directing a forfeiture.

We turn now to the question as to whether it was proper to direct a forfeiture of the lot and the two buildings located thereon. It is expressly provided in the second paragraph of the forfeiture statute that the forfeiture shall extend to the whole of the property where the nuisance exists, and that it shall include all land and buildings in one boundary. There is no evidence that more than one boundary of land is involved in the case at bar, which concerns a town lot approximately 200 feet in depth with buildings located on the front and rear thereof. The case of Froedge v. Commonwealth ex rel. Pursley, 289 Ky. 168, 158 S. W. 2d 426, is not controlling here. In that case two separate boundaries of land were involved. It was pointed out in the opinion that there was no showing that the two parcels of land were even adjacent to each other, or that the lessee charged with making the unlawful liquor sales had control of any part of the premises except a building located on one of the tracts. In the Froedge case there appears a quotation from the opinion in the case of Rickman v. Commonwealth, 204 Ky. 848, 265 S. W. 452, wherein it was said that the forfeiture power extends only to what is reasonably necessary to abate the nuisance. We have noted that the property involved in this action is described as a single boundary. There is testimony showing that the illicit liquor trade was carried on from the rear as well as from the front of the property, and that numerous empty whiskey bottles were found along the alley which it abutted in the rear. It is obvious from what has been said that we deem Beavin's second contention to be without merit.

The chancellor included in his judgment a provision that the sheriff not accept any bid of Austin Beavin or any person acting for him. No such provision is contained in the forfeiture statute. It is obvious that such a statute should be construed strictly. It is our opinion, therefore, that this provision should not have been included in the judgment.

In the major respects the judgment was proper and it is affirmed, with directions that it be modified in conformity with the preceding paragraph of this opinion.