## Riddell v. Commonwealth ex rel. Kash. Commonwealth Attorney.

January 12, 1951.

E. B. Beatty, Judge.

J. M. Wolfinbarger for appellant.

W. L. Kash for appellees.

JUDGE SIMS—Reversing.

This appeal is prosecuted by Dan Riddell from a judgment of the Estill Circuit Court wherein the Chancellor declared a forfeiture of five lots owned by Riddell in the town of Irvine, upon which are located a couple of small houses and residences. The forfeiture action was brought pursuant to KRS 242.310 and 242.320. Reversal of the judgment is sought on the ground that the evidence is not sufficient to show appellant, the owner of the property, knew it was being used in violation of the statutes.

There is practically no contrariety in the proof. Twelve lots were sold in Irvine and appellant bought five of them, being numbers 8 to 12, which were conveyed to him in one tract. The twelfth lot was 140 feet wide, while the remaining four fronted 100 feet on the South Irvine Road and ran back to a canal for distances varying from 300 to 800 feet. Appellant leased to Vernon Parsons lots No. 8, No. 9 and No. 10 for $15 per month. On lot No. 8 was a small house in which Parsons lived and he used lots No. 9 and No. 10 for a garden and chicken lot.

Lot No. 11 had been leased to one Stone, who used it for a sawmill. Stone built a shack of slabs on this lot in 1948 in which he lived. Formerly, there had been a drive-in-theater on lots No. 9 and No. 10 on which there was a small ticket office which was skidded onto lot No. 11 when the theater ceased to operate. The sawmill and one of the small houses burned and Stone left the property. Thereupon, appellant allowed Jesse Hardy

to occupy the remaining small building on lot No. 11 free of rent.

This property is not located in a very desirable part of Irvine and is called "Slab Town." On Nov. 23, 1948, the sheriff under a warrant, searched the small building occupied by Hardy and found a case of whiskey, two cases of beer and two slot machines. Hardy was fined $50 and given 30 days in jail for having intoxicating liquors in his possession for the purpose of sale in local option territory; and was fined $300 for operating the slot machines. Previous searches had been made of these premises occupied by Hardy but no contraband was found. It appears from the record there were no other violations of the liquor laws prior or subsequent to the above mentioned conviction of Hardy.

Several months before the search of the premises, appellant had moved to Speedwell, in Madison County, where he operated a store. Speedwell is about 22 miles from Irvine and appellant seldom visited this property in Irvine, and testified he did not know Hardy had liquor thereon, nor did he have any notice or intimation that Hardy was using the little house on the premises to engage in the illicit liquor business.

The Commonwealth proved the reputation of both Hardy and appellant was bad for dealing in illegal liquor, as well as the reputation of the premises occupied by Hardy was likewise bad. But it failed to bring home to appellant any knowledge or notice that Hardy was using the premises for any illegal purpose. It is urged by the Commonwealth that as there had been several previous searches by officers of the premises occupied by Hardy, appellant must have known he was using them in the illicit liquor business. The answer to that argument is that all previous searches were fruitless and had appellant been aware of them, they would not have been notice to him that Hardy was keeping liquor on the premises for sale.

It has been written that evidence relating to a single sale of illegal liquor, with attendant circumstances, was sufficient to constitute a nuisance under KRS 242.310. Beavin v. Com., 308 Ky. 522, 215 S.W.2d 119; Chaney v. Com., Ky., 234 S.W.2d 960. The Beavin opinion

points out that the statute should be strictly construed, and the Chaney opinion says it is a drastic measure and before property may be forfeited under it, evidence must clearly establish the existence of all the requirements of the statute, one of which is that the owner of the property must know, or intend, the use to which the property is to be put is for the unlawful purpose charged.

In the instant case the evidence fails to show clearly that appellant, who for several months had lived in another county some 22 miles from this property, knew liquor was being kept on the premises for sale, or that the reputation of the place or of Hardy was bad. Having reached this conclusion, it is unnecessary for us to consider whether only lot No. 11 or all the property embraced in appellant's deed was subject to forfeiture under what was written in Rickman v. Com., 204 Ky. 848, 265 S.W. 452 and Froedge v. Com., 289 Ky. 168, 158 S.W.2d 426.

The judgment is reversed with directions that the chancellor enter one dismissing the petition.